Cottrell v. Teagarden.

## J. L. COTTRELL v. O. TEAGARDEN.

It is incumbent on a party seeking to reverse a judgment because the evidence which was offered, and which was properly admissible, was ruled out, to bring into this court a statement of the facts which were in evidence on the trial below, in order that the materiality of that which was rejected may be seen, and that this court may be able to determine whether or not the evidence offered and rejected could have influenced the verdict of the jury if it had been admitted.

ERROR from Trinity. Tried below before the Hon. James M. Maxcy.

This was a suit by O. Teagarden against J. L. Cottrell, on an account for $477 49 cents. The defendant pleaded a former judgment in his favor on the merits, in a suit brought against him by one Theodore Frois, on the same cause of action, as the assignee and owner of the account.

On the trial the defendant offered in evidence, in support of his plea, a transcript of the record in the suit wherein said Frois, as assignee of an account against said Cottrell in favor of Teagarden, was plaintiff and said Cottrell was defendant. The bill of particulars, in respect to items of account, dates, amounts, &c., was substantially the same as that attached to the petition in this case. The difference in the sum of the respective accounts was $1 25. There was this further difference: the account in the suit was brought down to April 11th, 1859,—amount debited $556 09, and was credited by $78 60, thus leaving the balance sued for. The other account was brought down to the 25th of February, 1859, containing no items of a subsequent date contained in the former; amount of debit $476 24. To the introduction of the transcript, the plaintiff objected, "because there was not shown to exist any privity between Teagarden and Frois, and because the accounts were not the same in any particular;" which objections were sustained.

The counsel not agreeing as to a statement of facts, the presiding judge certified as to the testimony of one of the witnesses for the defendant; but his statement did not profess or purport to be a statement of facts proved on the trial of the case, and seems rather to be an amplification of the facts relating to the ruling in the exclusion of the testimony offered by defendant, and therefore more properly connected with the bill of exception taken thereto. The witness referred to proved that Teagarden placed in his hands for collection, as an attorney-at-law, the account sued on by Frois, with instructions to sue on it in the name of Frois; that the proceeds were to be applied to the payment of a claim of the latter against Teagarden; and that the latter was present at the trial of the case, assisting him as the attorney in behalf of Frois, the plaintiff, in procuring evidence to establish the account.

Verdict and judgment for the plaintiff for $470 89.

*Leigh & Baker*, for the plaintiff in error.

*H. C. Pedigo*, for the defendant in error.

BELL, J.—The transcript of the record in the case of Frois v. Cottrell, which was offered in evidence by the defendant in the court below, was admissible in support of his answer.    But there is no statement of facts in the case now before us; and we can not, therefore, say that the judgment of the court below ought to be reversed, because the evidence offered by the defendant was ruled out by the court.    Whenever this court is asked to reverse the judgment of the District Court, because evidence which was offered, and which was properly admissible, was ruled out, it is incumbent on the party thus seeking the reversal of the judgment, to bring into this court a statement of the facts which were in evidence on the trial below, in order that the materiality of the evidence which was rejected may be seen; and that this court may be able to determine whether or not the evidence offered and rejected could have influenced the verdict of the jury if it had been admitted.    As there is no statement of facts, we can not say there is error in the judgment of the court below, and the same is therefore affirmed.

Judgment affirmed.