## C. A. HALL v. J. C. WOOTERS.

(Case No. 1290.)

1. TRESPASS TO TRY TITLE.— Construing article 4811 of the Revised Civil Statutes, in connection with sections 4 and 5 of the Final Title of the Revised Civil Statutes, p. 718, a plaintiff was not precluded from his second action of trespass to try title, by a judgment rendered after the code took effect, if rendered in a suit commenced before that time.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

*Edward Currie*, for appellant.

*J. R. Burnett*, for appellee.

GOULD, ASSOCIATE JUSTICE.— This is a second action of trespass to try title, commenced February 23, 1880. The first action was commenced in 1877, and resulted in a judgment in favor of defendant, September 23, 1879. That judgment was pleaded as estopping the plaintiff from maintaining this action, and the court below gave judgment in favor of defendant on that plea.

The question presented is: Was the plaintiff precluded from his second action of trespass to try title, by a judgment rendered after the Revised Code took effect, but rendered in a suit commenced before that time?

Art. 4811 of the Revised Code reads: "Any final judgment rendered in any action for the recovery of real estate hereafter commenced, shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action." This article clearly implies that judgments in actions theretofore commenced were not so conclusive, but that, in such cases, the plaintiff still had a right to a second action

under the statute theretofore in force.   Pasch. Dig., art. 5298.

Sections 4 and 5 of the Final Title of the Revised Civil Statutes (R. C., p. 718) should be read and construed in connection with this article 4811.   Those sections are:

"Sec. 4. That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed.

"Sec. 5. That the repeal of any statute, or any portion thereof, by the preceding section, shall not affect or impair any act done or right vested or accrued, or any proceeding, suit or prosecution had or commenced in any cause before such repeal shall take effect; but every such act done or right vested or accrued, or proceeding, suit or prosecution, had or commenced, shall remain in full force and effect, to all intents or purposes, as if such statute or part thereof so repealed had remained in force, except that where the course of practice or procedure for the enforcement of such right or the conducting of such proceeding, suit or prosecution shall be changed, the same shall be conducted as near as may be in accordance with the Revised Statutes."

When the first action was commenced the plaintiff had a right to his second action, and may have relied on that right in suing and in going to trial.   To take away that right, and thereby make the judgment conclusive, would materially affect his suit, operate to his prejudice, and be inconsistent with what we think is implied or assumed in art. 4811.   To the extent necessary to prevent a right vested or accrued, or a suit commenced, from being affected or impaired, the section last cited continues in force statutes otherwise repealed.   Construing this section and article 4811 in connection, we are of opinion that the statute allowing a plaintiff a second action of trespass to try title "remained in force" after the Revised Code went

into effect, as to actions commenced before that time, and that the court erred in holding the first judgment conclusive.

For this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 28, 1881.]