MARGARITO SANCHEZ v. VALERIANO RAMIREZ.

(Case No. 1180.)

1. TRESPASS TO TRY TITLE — SET-OFF. — In a suit filed March 23, 1879, the action being in trespass to try title, a judgment was rendered October, 1879, for defendant, that he be quieted in his right and title to the land. On March 3, 1880, thereafter, a second suit was brought by the same plaintiff against the same defendant for the same land, when the defendant pleaded his former recovery in bar. *Held,*

(1) The rendition of a judgment in trespass to try title for defendant on his plea setting up title in himself, and praying for a decree divesting the plaintiff of title to the property, constituted no bar to a second suit instituted within the time prescribed by the former law. Pasch. Dig., 5298.

(2) Any other construction would have placed it in the power of a defendant, by his manner of pleading, to practically nullify the statute whenever the plaintiff failed to show sufficient title in his first suit.

(3) The first suit having been instituted prior to the adoption of the Revised Statutes, the second suit was properly brought; reaffirming Hall v. Wooters, 54 Tex., 232.

2. JUDGMENT. — In trespass to try title, it was ascertained on the trial that the defendant, against whom judgment was rendered, was indebted to the plaintiff on account of damage done him, in a larger amount than the sum of a debt for money loaned by defendant to the plaintiff. *Held*, that the decree of the court canceling the debt owing the defendant by an appropriation of the damage due the plaintiff, in so far as it was necessary, was not cause for reversing the judgment.

ERROR from Webb. Tried below before the Hon. J. D. Russell.

Suit filed March 3, 1880, to recover possession of lots 5 and 6, in block 113, in the city of Laredo. Plaintiff alleged that on the 17th day of December, 1878, he was lawfully seized and possessed of those lots; that while so seized and possessed, defendant, by force and arms, entered into and upon said premises, and did by force and arms eject plaintiff therefrom, and had ever since held possession of the same.

Plaintiff further alleged that on the 29th day of August, 1877, he and his wife executed and delivered to defendant an instrument in writing, which purported to be an absolute deed, but was at the time of its execution only intended as a mortgage; that afterwards defendant wrongfully and fraudulently set up a claim to the premises under that instrument, claiming the same to be an absolute deed. Praying judgment annulling the pretended deed, and for the sum of $228 as value of rent, less the sum of $115.32, the balance due on the indebtedness, for possession, costs, and general and special relief.

Defendant answered by general denial, and special plea in bar; that the case had already been decided adversely to plaintiff in a former suit, wherein defendant had recovered judgment quieting him in his title to the premises, upon his plea in reconvention that he be quieted in his title, and that the case was *res adjudicata;* also claim for value of improvements made in good faith. The plea stated that the former suit was brought March 3, 1869, and decided October, 1869.

Upon exception by plaintiff, defendant's plea of *res adjudicata* was stricken out.

Verdict and judgment for plaintiff, annulling deed, and for $150 damages, less $37 remitted by plaintiff, and discharging him from liability on the debt.

· *A. L. McLane*, for plaintiff in error.— The court erred in sustaining the exception to defendant's plea of *res adjudicata.* 53 Tex., 30; Principles of Pleading, sec. 144.

· *A. F. Hall, E. A. Atlee* and *J. O. Nicholson*, for defendant in error.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by Valeriano Ramirez against Margarito Sanchez on the 30th March, 1880.

The petition is in the usual form of petitions in suits of trespass to try title, but in addition to the averments usual in such petitions, it is alleged that the defendant claimed under an instrument upon its face purporting to be an absolute deed to the property in controversy, which on the 29th day of August, 1877, was executed by the plaintiff to the defendant, which instrument, it was alleged, was intended only as a mortgage to secure a debt then due from Ramirez to Sanchez, a part of which, it was alleged, had been paid, leaving a balance due to Sanchez of $115.32.

It seems that Sanchez had been in possession of the property, and $228 was claimed as rent therefor; for which sum, less the sum admitted to be due to Sanchez, plaintiff asked judgment, as well as for the recovery of the land sued for.

The defendant answered: 1st. By a plea of not guilty. 2d. Former judgment rendered between the same parties in an action similar to the present, and involving the title to the same property, which judgment was rendered in the district court for Webb county at the October term of that court for the year 1879. 3d. Improvements in good faith.

There was an exception filed to the plea of former judgment, which, upon hearing, was sustained by the court, and a trial was had which resulted in a judgment in favor of the plaintiff for the land, and annulling the deed made by Ramirez to Sanchez, and also for the sum of $150, same being excess of damage found due to plaintiff over the indebtedness to the defendant.

A *remittitur* of $37.32 of this judgment was made.

There is no statement of facts, and only two assignments of error. The first questions the propriety of the ruling of the court in sustaining exceptions to defendant's plea of former judgment.

The plea upon its face shows that the former suit was substantially a suit of trespass to try title, between the same parties and in reference to the same matter, and also that the present suit was brought within less than a year after the former judgment.

It is claimed, however, that the statute in force prior to the adoption of the Revised Statutes (Pasch. Dig., 5298) has no application to this cause, for the reason that in the former suit, upon the pleadings of the defendant, a judgment was rendered in his favor quieting his title to the property now in controversy. We are of the opinion that this is not an open question in this court. In the case of Magee v. Chadoin, 44 Tex., 494, it appeared that the judgment set up by Chadoin as a bar to the second suit by Magee was rendered in his favor upon pleadings filed by him as a defendant, setting up title in himself and praying for a decree divesting Magee and the others of title to the property in controversy; and it was held that the former judgment in favor of Chadoin interposed no bar to the second suit by Magee. We see no reason to doubt the correctness of this decision, which seems to be in harmony with the spirit of the statute allowing the second suit.

Any other rule would place it in the power of the defendant, by his manner of pleading, upon failure of a plaintiff to show sufficient title in the first suit, practically to repeal the statute.

In the case of H. & T. C. R. R. Co v. McGee, it was held that a judgment in favor of a defendant in a suit of trespass to try title, that the plaintiff take nothing by its suit, and that the defendant be quieted in his possession of the land described in plaintiff's petition, and that defendant have and recover of the plaintiff all right, title and interest in and to the land, the defense consisting of the plea of "not guilty," did not interpose any obstacle to a second suit. The case of Blessing v. Edmonson, 49 Tex., 336, contains also an intimation that the form of the judgment in favor of a defendant does not affect the right of a plaintiff to a second suit. The question (the law having been changed by the Revised Statutes) will soon cease to be of any practical importance.

The first suit having been instituted prior to the adoption of the Revised Statutes, the second suit was properly brought. Hall v. Wooters, 54 Tex., 232.

The second assignment of errors calls in question the correctness of the judgment of the court in so far as it canceled the debt due from Ramirez to Sanchez. In this respect the court did not err; for the debt was paid by an appropriation of the damage due to the plaintiff, so far as was necessary for that purpose, and being so

paid, the decree of the court canceling it could not operate to the prejudice of Sanchez.   There being no error in the judgment, it is affirmed.

                                                          Affirmed.

[Opinion delivered January 16, 1883.]