his relatives within a certain degree. Had Justice Thomp-son entered the judgment provided by the statute in this cause, and which was, in effect, rendered by Justice Catlin, he would have entered it against a relative within the pro-hibited degrees and subjected him to loss and damage. Had he entered it against the plaintiff, it would have been in fa-vor of a relative, exonerating him from liabiliy. It was the object of the constitution to place judicial tofficers be-yond the temptation which such circumstances would throw in their way. A narrow or contracted construction of the term "party," which confines it to the very persons named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view, of having justice impartially administered, free from the bias and influences produced by the interest held in the cause by the judge or his relatives.

We hold that the surety in this case came within the very term "party," as used in the constitution, and that the dis-trict court erred in dismissing the suit for want of jurisdic-tion and remanding it to the court of the magistrate with whom it was first filed. For this reason the judgment is reversed and the cause remanded.

## J. A. McGUIRE et al. v. N. P. NEWHILL.

SUPREME COURT, GALVESTON TERM, 1883.

*Appeal—Statement of Facts.*—The statutes provide that the court may, by an order entered upon the record during the term, aut or-ize the statement of facts to be made up and signed and filed in va-cation, at any time not exceeding ten days after the adjournment of the term.

*Held,* that the utmost limit allowed is ten days after the adjourn-ment, and within that time the statement must not only be made up and signed, but must be filed also. These two conditions must be complied with or the statement of facts will be of no avail.

Appeal from Madison county. Opinion by Willie, C. J.

The defendants in error have filed a motion to strike out the statement of facts, made part of the transcript in this cause, for the reason that said statement was not filed in the district court during the term at which the cause was tried, nor within ten days next after its adjournment, by order of the judge who tried it. The district court ad-

journed on January 30, 1880, the statement of facts was
made out by the presiding judge on the 9th of the same
month, and was filed on April 7th thereafter. In a certifi-
cate attached to the statement, the judge says, in effect,
that it was made out at that time in pursuance of an order
permitting it to be made up, signed and filed within ten
days after the adjournment of the court, but no such order
appears in the record. Article 1379, Revised Statutes, pro-
vides that "the court may, by an order entered upon the
record during the term, authorize the statement of facts to
be made up, and signed and filed, in vacation, at any time
not exceeding ten days after the adjournment of the term."
This provision was intended to prevent delay in preparing a
paper, the correctness of which depended so much upon the
memory of the attorney engaged in the cause and of the
judges presiding at its trial. Also, to insure its being de-
posited with the papers and not remaining too long in the
hands of the judge, whose official duties might call him to
other counties of his district. Hence the two very neces-
sary requirements that an order should be entered of record
during the term, and that the paper should be made up,
signed and filed within ten days of adjournment. The gen-
eral rule which the statute wished to enforce was the prepa-
ration and filing of the paper in term time. If, for satisfac-
tory reasons, this could not be done, then special leave of
the court must be had to vary from it, which must be evi-
denced by an order entered on the minutes during the term.
The utmost limit allowed is ten days after the adjournment,
and within that time the statement must not only be made
up and signed, but it it must be filed also. These two con-
ditions must be complied with, or the statement of facts
will be of no avail. There is no provision made for any
relaxation of the statutory requirements for any reason or
excuse whatever, and we have no power to extend its pro-
visions. In this case the order was not made in term time,
so far as is disclosed by the transcript, although the judge
recites that it was in his certificate, and we must look to the
proceedings of the court alone to ascertain what orders it
has placed upon the minutes. The statement, although
made up within ten days after the adjournment of court,
was not filed for three months afterward. For want of a
compliance with these two requirements of the statute, we
must hold that the statement is improperly in the record of

the suit, and the motion to strike it out will prevail, and it will not be considered in the determination of the cause in this court.    Motion granted.

## H. & T. C. RY. v. RUST & DINKINS.

SUPREME COURT, GALVESTON TERM, 1883.

*Railroads—Freight Discrimination— Common Law Inhibition.—* Leading decisions have been uniform in maintaining on principles of the common law, irrespective of Statutes, that the duty of railroads toward the public lies in the strictest impartiality in the conduct of their business, and in withholding all privileges or preferences from one customer which are not extended to all; but the rule is not to be inexorably applied, where the rate is reasonable for all, to exclude contracts for transportation at a less rate in special cases, where the discrimination appears reasonable.

*Same.*—It is not *mere* discrimination that is rendered obnoxious and unlawful, but it is *unjust* discrimination. As to what shall constitute improper discrimination is a question of law and fact in the given case, to be ascertained by applying to the facts of the case the principles of the common law to the general policy of our statutory law.

*Same—Test of Liability.*—It ought to have been submitted to the jury to determine whether, under all the facts of the case, the defendant charged the plaintiffs a rate beyond what was reasonable, and beyond the price which was exacted of the public, generally, at the times when the plaintiffs shipped their cotton on defendants' railroad. And if, although the plaintiffs were not required to pay a higher rate than were the public generally, yet if the defendant had allowed to certain particular persons, or merchants in a certain particular locality, more advantageous terms than had been given to the public, generally, or to the plaintiffs, it ought to have been submitted as an issue of fact for the jury to determine, whether, under appropriate instructions applicable to the subject, under all the evidence applicable to the question, such preference so given was a fair and legitimate one, one justified by the common law rule forbidding the carrier to give to one special privileges which it denies to another, but which, at that same time, does not exclude, as forbidden, contracts for transportation at a less rate, in special cases, where, under the circumstances, the discrimination appears reasonable.