L. L. LANIER v. R. M. PERRYMAN ET AL.

(Case No. 1269.)

1. STATEMENT OF FACTS.— A statement of facts will not be examined on appeal when it is filed after the expiration of the period allowed for its filing by an order entered during the term. As a result of such a filing, the supreme court could not, in this case, determine on the correctness of the rulings of the district judge on points raised in bills of exceptions, in refusing instructions asked, or in the main charge of the court. McGuire v. Newbill, 58 Tex., 314; Ross v. McGowan, 58 Tex., 603; Tarlton v. Daily, 55 Tex., 92; Bast v. Alford, 22 Tex., 399; Pfeuffer v. Maltby, 54 Tex., 454; Smith v. Tucker, 25 Tex., 594, and Frost v. Frost, 45 Tex., 325, cited and followed.

2. TRESPASS TO TRY TITLE — SECOND ACTION.— In trespass to try title the plaintiff has a right to bring his second action (art. 4811), though the judgment in his first suit was rendered after the code took effect, if rendered in a suit commenced before that time.

3. BILL OF EXCEPTIONS.— A bill of exceptions which was rejected by the presiding judge when presented by counsel, with his refusal to sign indorsed, and returned to counsel having the preparation of bills of exception in charge, will constitute for some purposes a part of the record, if filed promptly during the term by the counsel to whom it was returned by the judge.

4. EVIDENCE.— It would seem that where the genuineness of an original deed was admitted by the party to the suit, who made the original and was charged with its custody, the deed being afterwards substituted by a judgment of the court, and the issue being one of fraud and collusion as to the true date of the substituted deed, the fact that a correct copy thereof had been taken by some one, whether it was duly recorded and acknowledged or not, was proper to go to the jury.

5. PRACTICE — BILL OF EXCEPTIONS.— The proper practice, when the duty is imposed on the judge to prepare a bill of exceptions, is to set forth in it the substance of the bill tendered by counsel; the fact of its tender to him, and his presentation thereof to the adverse party or counsel, if it was presented, with their objections, if any; also the fact that he pointed out the corrections he required to counsel tendering the bill; that he had indorsed his refusal to sign on the rejected bill, with all other facts necessary to a full understanding of the facts. It should state fully the grounds of objection taken to the admission or rejection of evidence, and if the objection was general, and for no cause stated, the bill should so specify.

6. PARTIES — JUDGMENT.— While it is not clear that a judgment creditor who has purchased the defendant's land under his judgment is a necessary party to a suit brought to establish and substitute a deed to another from the judgment debtor, antedating his judgment, under the acts of April 14, 1874, and July 13, 1876 (General Acts 1876, pp. 45–47), he is undoubtedly a proper party, and, if not made a party, would not be bound by the judgment substituting the deed.

APPEAL from Liberty. Tried below before the Hon. Edward Hobby.

Action of trespass to try title brought by appellant to recover two tracts of land in Liberty county, Texas. On the 10th day of August, 1874, Lanier Bros. & Co. recovered a judgment in the district court of Liberty county against R. M. Perryman, one of the appellees, for the sum of $3,411.58. On the 2d day of October, 1874, execution was issued upon that judgment to the sheriff of Liberty county. The court-house and all the records were burned. Shortly afterwards suit was brought to substitute the destroyed judgment, which was done by a decree rendered August 21, 1875, and on the 4th of November, 1875, execution issued upon the substituted judgment and was levied upon one-third of a league of land, known as the Edward B. Jackson one-third league, and about one thousand four hundred acres out of the south half of the Amos Green league, as the property of R. M. Perryman, the defendant in the execution. It was sold by the constable on the 7th day of December, 1875, that being the first Tuesday of the month, in the town of Liberty, after being advertised as required by law, and purchased by Wharton Branch for the sum of $110.

Afterwards, on the 23d day of October, 1876, a *pluries fi. fa.* was issued on that judgment, and was levied upon a portion of the south half of the Amos Green league, containing about five hundred and fifty acres, being the balance of R. M. Perryman's interest therein. Levied upon as the property of R. M. Perryman, and after having been advertised, was sold according to law on the first Tuesday in January, 1877, and bought by Wharton Branch; deeds were duly executed to the purchaser and placed on record. In February, 1879,

Branch conveyed the lands to the plaintiff, L. L. Lanier, who brought suit for the possession of the same and to remove a cloud that it was alleged had been cast over the title to the lands. Alleging that one Joseph Richardson had recovered a judgment against R. M. Perryman on the 19th day of March, 1878, substituting a deed, from said Perryman to said Richardson for said lands, claiming to have been destroyed, together with the records of Liberty county, on the burning of the court-house in 1874, which judgment was rendered by default, and by collusion between said Richardson and said Perryman; that the deed purporting to be established never was executed, and that the judgment was so obtained for the purpose of putting a cloud upon plaintiff's title. That if said Perryman ever made any deed to said Richardson, it was made after the date of the judgment of Lanier Bros. & Co. was obtained, and had become a valid lien upon the land, and was so made to hinder, delay and defraud his creditors, and that the judgment was obtained for the same unlawful purpose; praying for citation and judgment, and for a decree canceling the judgment rendered in cause No. 1273, on the 19th day of March, 1878, and removing all clouds from the title, and for possession, damages and costs.

Defendants answered separately by general demurrer, plea of not guilty, and general denial.

The plaintiff offered in evidence a certified copy of a deed from R. M. Perryman and wife to Joseph Richardson, but not acknowledged, purporting to convey a part of the Amos Green league to Joseph Richardson, dated in 1873, which was objected to by the defendants and their objections sustained. R. M. Perryman testified that he executed the deed offered in evidence, and filed it in the office of the clerk without acknowledging it; also that he did not remember its date.

Plaintiff also offered in evidence a copy of the notice and schedule in bankruptcy of W. W. Perryman to prove that the defendant did not claim any interest in the E. B. Jackson tract, which was objected to by the defendant and the objection was sustained.

Plaintiff also read in evidence a deed from the sheriff of Liberty county to E. G. Thompson, dated in 1871, for one thousand and eighty acres of the E. B. Jackson tract, and proved by R. M. Perryman that he purchased the E. B. Jackson tract from E. G. Thompson, and the judgment rendered August 10, 1874, of Lanier Bros. & Co. v. R. M. Perryman and the issuance of execution thereon, and the levy and sale of the lands under the levy of the execution. W. W. Perryman testified that he was present at the sale made by the

sheriff, and that E. G. Thompson purchased the land and took the deed in his own name, but that it was purchased on joint account, and that he never had any deed from Thompson and did not give these lands in his schedule in bankruptcy. Never saw the deed from E. G. Thompson to R. M. Perryman.

Other facts are stated in the opinion.

*F. Barnard*, for appellant.

*Davis & Sayles* and *E. B. Pickett*, for appellees.

WEST, ASSOCIATE JUSTICE.— There was in this case an order, entered during the term, authorizing the statement of facts to be filed within ten days after the adjournment of court. This event occurred on the 10th of April, 1880. The statement of facts was not filed until the 23d of April, 1880. The order entered below, being thus disregarded in this respect, this statement contained in the record will not be examined by this court. McGuire v. Newbill, 58 Tex., 314; Ross v. McGowan, 58 Tex., 603; R. S., art. 1379. In the absence of such a statement, this court cannot in this case determine whether the district judge ruled correctly or not in reference to the different points raised in the bill of exceptions on file. Tarlton v. Daily, 55 Tex., 92; Hutchins v. Wade, 20 Tex., 7; McMahon v. Rice, 16 Tex., 335; Lewis v. Black, 16 Tex., 652; McCarty v. Wood, 42 Tex., 39; Fulshear v. Randon, 18 Tex., 275; Cottrell v. Teagarden, 25 Tex., 317; May v. Ferrill, 22 Tex., 340.

For the same reason the action of the court in refusing certain instructions asked by appellant cannot now be re-examined. Bast v. Alford, 22 Tex., 399; Pfeuffer v. Maltby, 54 Tex., 454; Armstrong v. Lipscomb, 11 Tex., 649; Cannovan v. Thompson, 12 Tex., 247.

Nor can the alleged errors that are claimed to exist in the main charge of the court be now examined. Smith v. Tucker, 25 Tex., 594; Frost v. Frost, 45 Tex., 325.

There being, then, no matter in the record properly presented, so that it can be here inquired into, the judgment of the court below must necessarily be affirmed; and this would properly conclude the case, but, owing to the nature of the suit brought, we deem it proper to add something more.

This is an action of trespass to try title, instituted before the enactment of the Revised Statutes, and is therefore a case in which the appellant has the right to bring a second action. R. S., art. 4811;

Hall v. Wooters, 54 Tex., 231. For this reason we deem it proper, without intending to make an authoritative and final disposition of any of the questions, to call attention to some of the matters in reference to the case disclosed by the present record, with a view to facilitate its more speedy disposition in the event of a second trial.

The trial was had after the Revised Statutes were in force. It appears that the counsel disagreed as to what should be contained in the statement of facts. On the last day of the term, the court entered an order extending the time for filing the statement of facts to the utmost limit allowed by the statute. R. S., art. 1379. On the 19th of April, 1880, the presiding judge seems to have completed the preparation of the statement of facts, which it became his duty to prepare when the counsel were unable to agree. R. S., art. 1378. This, instead of being filed on that day or the two next succeeding days, did not reach the clerk's hands until the 23d day of April. Whether this delay was caused by the action of the judge, who until nearly the last moment still had the statement of facts in his possession, or resulted from the negligence of counsel or of the clerk, or from some accident or inadvertence, we cannot determine. The judge also refused to sign the bills of exceptions prepared and tendered him in time by the counsel for the appellant, on the ground that they were not correct.

This refusal of the court is called to our special attention, and is made the ground of the ninth assignment of errors, as follows: "The court erred in refusing to give a bill of exceptions during the trial of said cause, and in failing at the time to make a proper memorandum thereof, and in afterwards refusing to sign the bill of exceptions prepared by plaintiff's counsel, and in giving a bill of exceptions which does not show the ruling of the court upon all the questions ruled upon by the court adversely to the plaintiff."

On the last day of the term the judge signed and filed a bill of exceptions setting forth the matters excepted to correctly, according to his recollection on the subject. Whether the original bills of exceptions prepared by appellant's counsel were submitted by the judge to the adverse party or his counsel, or whether the supposed errors in the original bills were pointed out by the judge to the counsel who drew them, with a view to their correction; the record is silent. R. S., art. 1364; Firebaugh v. Ward, 51 Tex., 409; Houston v. Jones, 4 Tex., 170. The record is also silent as to whether the judge indorsed thereon his refusal to sign the original bills of exception presented to him (R. S., art. 1366), and returned them, as

the law required him to do, to the counsel having the preparation of the bills of exception in charge.

We are inclined to the opinion that such rejected bills, so indorsed, would constitute, for some purposes, a part of the record, if filed promptly during term time by the counsel to whom they were returned by the judge. The bill of exceptions as filed by the judge seems to be somewhat imperfect and incomplete in reference to the admission of the evidence of the witnesses Hardin and Davis, in failing to show upon what ground their evidence was objected to. We must presume, however, from this bill that the counsel below objected to the evidence without stating any ground of objection whatever, if this presumption in favor of the bill of exceptions can be indulged in the absence of the appellant's rejected bill.

The bill also shows that appellant offered in evidence a copy of a deed from the appellee R. M. Perryman and wife to Joseph Richardson, dated in 1873, and that the appellee objected to its introduction. The precise ground of the objection made by appellee is not stated, but the judge gives in the bill the reasons why he excluded it. The bill of exceptions does not clearly show that the appellee urged any of these objections to it when it was offered in evidence. The genuineness of the original of this copy appears to have been admitted by the maker, and either he or his co-appellee, Mrs. Richardson, were charged in law with its custody. The fact, at all events, that such an original deed did at one time exist, and that a correct copy of it had been taken by some one, whether it was duly recorded and acknowledged or not, would seem to be in itself a fact proper to go to the jury, for what it was worth, on the issue of fraud and collusion between the Perrymans and Richardson, as to the true date of the deed substituted by the judgment of the court, which was claimed to be dated 1st of August, 1874.

The rejected statement of facts, which is signed by the judge and certified as correct, discloses that on the trial the appellant, in fact, made quite a number of other objections to the introduction of evidence, which were apparently overruled by the court, and which do not appear in the bill of exceptions prepared by the judge. Whether all of these objections were afterwards waived by appellant and purposely omitted from his rejected bill of exceptions, or were all in fact contained in that bill, we are unable to say with certainty.

The introduction in evidence of the judgment of March 19, 1878, purporting to substitute the alleged lost deed of August 1, 1874, from R. M. Perryman to Joseph Richardson, appears to have been objected to. The ground of objection is not given in the statement

of facts, and the fact that any objection was made at all is not mentioned in the bills of exception. This proceeding was had under the act of 14th April, 1874, and the act of 13th July, 1876. Gen. Laws, p. 45. This judgment of substitution had never been recorded, and in other respects it may have been liable to objection. Yet if the appellant contented himself with a general objection and then waived that, he could not expect the relief to appear of record in any way to be noticed.

The testimony also of S. R. Perryman, as it appears from the statement of facts, in reference to whether or not there was collusion between Richardson and R. M. Perryman in substituting, by the judgment of the district court, the deed of 1st of August, 1874, seems to have been objected to on the trial by appellees, and the objection sustained. What was the ground of the objection, if any, or why it was sustained, does not anywhere appear in this record as now made up. He could not testify as to what passed between the plaintiff Richardson, his client in that suit, and himself; but he was not attorney for, or capable in any way of acting in that suit for, the defendant R. M. Perryman, and we know of no reason that would forbid him from giving evidence as to what passed between him and the defendant R. M. Perryman, if in fact anything did pass, growing out of that suit, that was relevant to the issue or likely to throw any light on the issue of fraud and collusion raised by the pleadings.

It would seem to be the better and the safer practice, where the duty is devolved, as in this case, on the judge of preparing the bills of exception, to conform in every respect strictly with all the requirements of the statute. It would always be better for the bill prepared by the judge to show the substance of the bill that was originally tendered to him, as well as the fact of its tender and of his having presented it to the adverse party or his counsel, where that was the fact, with their objections, if any; also the facts of his having pointed out the necessary corrections desired to the counsel who prepared the bill; that he had also indorsed the fact of his refusal to sign on the rejected bill, together with such other facts in connection with the preparation of the bill as might be deemed necessary to have the matter fully understood. The bill should also state fully the grounds of objection that were taken at the time to the admission or rejection of evidence. If, however, as a matter of fact, the objection was made without stating any special ground, it would be best for the bill to show fully that the objection offered and passed on by him was a mere general objection. A clear state-

ment of all these matters will place the revising court in full possession of all the facts necessary to enable them to pass intelligently upon the points thus presented.

The action of the court, too, in refusing all the instructions asked by appellant, on the ground that there was no evidence at all before the jury, in any form, going in any manner to show collusion and fraud between Richardson and Perryman, seems to be in effect determining in a great measure the nature and character, if not the weight due to the evidence that was offered to the jury in support of the issues to be tried.

There seems in fact to have been before the jury the evidence of the witness Cameron, which in some sort, at least, more or less, tended to show that the substituted deed was not lost, but might still possibly be in existence. There was also the evidence of the witnesses Minter and Branch, tending certainly to some extent to show that no such deed as that of the date of 1st of August, 1874, ever existed. There was also in evidence proof tending to contradict the testimony of these witnesses.

There was also in evidence two certified copies of the original petitions filed in cases Nos. 1250 and 1251 of Richardson v. Perryman, that appeared to have at least some bearing on the real question in the case, which was as to whether or not the deed of R. M. Perryman to Joseph Richardson did actually in truth exist prior to the 11th of August, 1874, the date of the judgment under which appellant claimed. The appellant, it would seem, in any aspect of the case, was entitled to have this evidence submitted to the jury, accompanied with a proper instruction, on the subject of fraud and collusion.

In the motion for new trial the fact is disclosed under oath that during the progress of the trial the point was made that the land in suit was not properly described in the original petition. This objection was probably raised during the argument of the cause. The description is not as full as it ought to be, and now, under the Revised Statutes, in addition to a proper description of the *locus in quo*, the character and extent of the plaintiff's claim, and interest, it seems, should also be set out. R. S., art. 4786. If Jane Richardson be not the sole heir and devisee of Joseph Richardson, it would seem as if such heirs or devisees were also necessary parties defendant. R. S., art. 1202.

We do not deem it proper, at present, to say more with reference to the acts of 14th April, 1874, and 13th of July, 1876 (General Laws of 1876, pp. 45–47), further than that it is not clear that the

judgment creditor, Lanier, would have been, under the facts of the case, a necessary party to the suit to substitute the alleged deed of August 1, 1874. He would undoubtedly, however, have been a proper party; but it would seem that not being made a party at all, he is in no way bound by that judgment.

Nor should it prevent him from demonstrating by proof, if he can, that the original deed sought to be substituted did not bear the date of 1st August, 1874. To give that judgment such an effect would seem to be to give more weight to the judgment of substitution than would be accorded to the original deed itself if offered in evidence.

The act of July 13, 1876, is practically incorporated in the Revised Statutes (arts. 4886, 4287 *et seq.*). It has never yet, we believe, undergone judicial scrutiny, or received, so far as we are aware, judicial interpretation.

As to the effect and scope of this act, see Report of Commissioners to Revise the Laws, January 1, 1879, p. 30; Bispham's Principles of Equity, part 3, ch. 3, p. 419; sec. 467, and authorities cited in note (3); Adams' Eq., 166; 1 Story's Eq. Jur., sec. 84 *et seq.*

We do not deem it necessary to do more than to allude to the facts disclosed in the record, as to the nature and character of the supposed title of W. W. Perryman to a part of the land in suit. If the apparent title to this land was in fact, as the evidence tends somewhat to show, in R. M. Perryman, and the appellant purchased without any notice of the supposed claim or equities of W. W. Perryman in the land, the appellant would seem, under such a state of facts, to present some claim to be heard on account of his equity, as an innocent purchaser for value without notice.

Without giving any further or more definite expression to our views as to the law applicable to the facts of the case, we conclude that the judgment below must stand, as we have not in this record the means before us of passing upon the merits of the case. The judgment is affirmed.

AFFIRMED.

[Opinion delivered March 9, 1883.]