[Civil No. 384. Filed January 30, 1894.]
[36 Pac. 171.]

## THE SALT RIVER CANAL COMPANY, Defendant and Appellant, v. P. K. HICKEY, Plaintiff and Appellee.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—FAILURE TO FILE IN DUE TIME—LAWS ARIZ. 1893, ACT 9, CITED.—An objection that a bill of exceptions was not presented during the term, under act 9 of the Laws of 1893, the cause having been tried more than ten days before the end of the term, is well taken, and this court cannot consider the bill of exceptions on appeal, though settled and signed by the trial judge.

2. SAME — JURISDICTION — MOTION TO DISMISS — FUNDAMENTAL ERROR CONSIDERED IN ABSENCE OF BILL OF EXCEPTIONS.—Where a proper notice of appeal and bond have been given, a motion to dismiss cannot be sustained. In the absence of a bill of exceptions, the only error which can be considered is such as may go to the foundation of the action.

3. STOCK AND STOCKHOLDERS—SALE OF STOCK BY CORPORATION—FAILURE TO TRANSFER ON CORPORATE BOOKS—DAMAGES—MEASURE OF.—The buyer of capital stock from a corporation, having paid the contract price for the stock, in an action for damages for failure to deliver or transfer the stock on its corporate books, is entitled to recover the value of the stock at the time of the refusal of defendant to deliver the same, or its value at the time of its conversion, with legal interest from that time.

4. PLEADING—DAMAGES—GROSS AMOUNT—EVIDENCE—ADMISSIBILITY.— In actions sounding wholly in damages, where there is but a single cause of action, it is unnecessary to state in the complaint specifically the different elements of damage. It is enough to claim so much gross damages. Under the general allegation, the plaintiff may prove and recover those damages which necessarily result from the act complained of.

5. SAME—COMPLAINT—SHOWING SALE OF STOCK BY CORPORATION FOR ASSESSMENT—PRESUMPTIONS.—Allegations in a complaint against a corporation for damages for failure to deliver shares of stock sold by it to plaintiff, showing that the stock was sold by it for an assessment, does not render the complaint bad on demurrer, as it cannot be presumed that the capital stock was all paid up or that the corporation was not authorized to sell the stock.

ROUSE, J., dissenting.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

Alexander & Stilwell, for Appellee.

HAWKINS, J.—Judgment was rendered in the court below on June 26, 1893. On June 27th appellant moved for a new trial. On July 5, 1893, this motion was.overruled. The bill of exceptions was filed as settled on July 17, 1893. Appellee objected at that time to the proposed bill of exceptions, because not presented during the term (act 9, 1893), and for the

reason "said cause had been tried more than ten days before the end of the term." The transcript should show that the bill of exceptions was presented within the statutory time. These provisions of the statutes regarding bills of exceptions are mandatory. *Putnam* v. *Putnam*, 3 Ariz. 182, 24 Pac. 320. The fact of the judge settling same after the time, and not following the statute, does not make the same a bill of exceptions. The judge must follow the statute. *McGuire* v. *Newbill*, 58 Tex. 314. The certificate of the judge in the court below to the bill of exceptions is as follows: "And I, A. C. Baker, Judge, . . . do hereby certify that the above and foregoing bill of exceptions contains all the evidence taken upon the trial in said action, and because none of said testimony, rulings, motions, objections, and the exceptions thereto, appear upon the record and proceedings of said court, and the defendant having caused the above and foregoing bill of exceptions to be prepared and filed, and asking that the same may be signed so that it may become a part of the record, I have therefore settled, allowed, and signed the same, as the bill of exceptions in this cause, this 17th day of July, A. D. 1893." This action of the judge in allowing said bill was objected to by appellee "because not presented during the term, under act 9, 1893, said cause having been tried more than ten days before the end of the term." This objection was well taken, and we cannot consider the bill of exceptions in this appeal. *McGuire* v. *Newbill*, *supra*.

We cannot sustain the motion to dismiss the appeal, for the reason that a proper notice of appeal and bond have been given, and the only error we can consider is such as may go to the foundation of the action. *Rankert* v. *Clow*, 16 Tex. 13, 67 Am. Dec. 607; *Hollingsworth* v. *Holshausen*, 17 Tex. 47. The only one assigned is the overruling of the demurrer to the complaint. The allegations of the complaint, stripped of the evidential facts, are that on a certain day defendant (appellant) sold to plaintiff (appellee) for a valuable consideration one fourth interest in share No. 6 of the capital stock of defendant, and received payment therefor; that plaintiff thereby became the owner of such one fourth of share No. 6, and was entitled to a certificate of such ownership from defendant, and to the enjoyment of all the rights and privileges of such ownership; that he demanded of defendant his stock,

but defendant refused and neglected to issue to plaintiff a certificate of his ownership of said interest in share No. 6, or to transfer said interest to plaintiff's name on the books of defendant, or to permit the plaintiff to in any manner avail himself of his rights and privileges as owners thereof, whereby said interest in share No. 6 of the capital stock of defendant corporation became and was wholly lost to the plaintiff, to his damage in the sum of fifteen hundred dollars. To this complaint are a general demurrer and a general denial. The record does not show any action of the court below on the demurrer, but the judgment shows the cause was tried by the court on the issues framed, and the presumption would follow that defendant had waived his demurrer. But defendant having assigned the overruling of the demurrer as error, we will consider same. The complaint on its face, we think, is good. Plaintiff, having bought and paid for the stock, was certainly entitled to it or its value; that is to say, the buyer having paid the contract price for the stock in an action for damages, he is entitled to recover the value of the stock at the time of the refusal of defendant to deliver same to plaintiff, or its value at the time of its conversion by the seller. Field on Damages, par. 795. Mr. Justice Morton, in *Pierce* v. *Benjamin,* 14 Pick. 356, 25 Am. Dec. 396, remarks: "The general rule of damages, in actions of trover, is unquestionably the value of the property taken at the time of the conversion." This is the rule in most of the states, and where there is no claim for special damages. Mr. Justice Story thus announces: "I am of opinion that the rule is the value of the property at the market price at the time of the conversion." *Watt* v. *Potter,* 2 Mason, 77, Fed. Cas. No. 17,291. Mr. Chief Justice Terry, in *Douglass* v. *Kraft,* 9 Cal. 563, says: "The rule is, when the property converted has a fixed value, the measure of damages is that value, with legal interest from the time of the conversion; when the value is fluctuating, the plaintiff may recover the highest value at the time of the conversion or at any time afterwards." The rule seems to vary in different states, but we think the weight of authority is in favor of the fixed rule,—i. e. the value of the property at the time of the conversion, with legal interest from that time; and under our system of pleading the complaint herein fully sets out a cause of action.

The allegation of the conversion or failure to deliver after consideration paid, on demand, and averring general damages, is sufficient. In actions sounding wholly in damages, where there is but a single cause of action, it is unnecessary to state in the complaint specifically the different elements which go to make up the sum total of the damages. It is enough to claim so much gross as damages. *Shepard* v. *Pratt*, 16 Kan. 209. Under the general allegation, the plaintiff may prove and recover those damages which necessarily result from the act complained of. *Burrell* v. *Salt Co.*, 14 Mich. 35. In *Roberts* v. *Graham*, 6 Wall. 578, Mr. Justice Swayne says: "Special, as contradistinguished from general, damages is that which is the natural, but not the necessary consequence of the act complained of." And practically the same rule applies if we consider the complaint as simply an action for damages for failure to deliver the stock after purchase. Benjamin on Sales, 2d Am. ed., par. 870. Nor do we think because the plaintiff set up the facts in his complaint, showing that the stock was sold by appellant for an assessment, made the same bad on demurrer. We cannot presume that defendant's capital stock was all paid up, or that it was not authorized to sell the stock. *Quaere:* If it was not authorized to sell the stock, could it do so, and retain the price? This would more properly come up on a trial of the cause on special pleadings. The judgment is affirmed.

Sloan, J., concurs.

ROUSE, J., dissenting.—I dissent from the opinion in this case for the reason that I think the complaint does not contain facts sufficient to constitute a cause of action, and the demurrer thereto should have been sustained. The complaint, commencing with the second division thereof, is as follows, viz.: "That on the 29th day of May, 1891, at a meeting of the board of directors of said corporation defendant, an assessment of sixty dollars per share was levied by resolution of said board on the capital stock of the said defendant, payable at the said office of the defendant within ten days from the 1st day of June, 1891, and that due notice of such assessment, and of the time and place for the payment thereof, was given to the stockholders of said corporation, in accordance with the

by-laws thereof, by publication of such notice for ten days in the Phœnix Daily Herald, a daily newspaper published in said county of Maricopa. (3) That by reason of the non-payment of the aforesaid assessment thereon, certain portions of the capital stock of the defendant became and were delinquent, and on the 12th day of June, 1891, were so declared to be delinquent, and a sale thereof ordered by the said board of directors, and in accordance with the charter and by-laws of said corporation, in payment of such delinquent assessment; and that thereafter said board of directors, by I. M. Christy, the secretary thereof, gave thirty days' notice of the time and place of sale of such delinquent stock by publication thereof in the aforesaid Phœnix Daily Herald. (4) That there was included in the delinquent stock so as aforesaid sold and advertised for sale in payment of the assessment due and unpaid thereon, a one-fourth ($\frac{1}{4}$) interest in share No. 6 of the capital stock of the defendant, which said interest was held and appeared on the books of the defendant in the name of the 'Mayor of the City of Phœnix, Trustee.' (5) That at the time and place mentioned in the aforesaid notice of sale, viz., on the twelfth day of July, 1891, at the office of the defendant, in said city of Phœnix, the said I. M. Christy, secretary as aforesaid, in pursuance of said notice, offered for sale, and sold to this plaintiff for the sum of seventeen dollars ($17.00), lawful money, then and there paid by the plaintiff to the said Christy, the said one-fourth interest in share No. 6 of the capital stock of the defendant, then held and appearing on the books of the defendant in the name of the 'Mayor of the City of Phœnix, Trustee'; this plaintiff being then and there the highest bidder, and said sum of seventeen dollars the highest amount bid for said interest. (6) That, by reason of the premises, this plaintiff became and was on the said twelfth day of July, 1891, the lawful owner of said one-fourth ($\frac{1}{4}$) interest in share No. 6 of the capital stock of the defendant, and was then and is now entitled to a certificate of such ownership from the proper officers of the defendant, and to a transfer of said interest to his (the plaintiff's) name on the books of the defendant, and to the enjoyment of all the rights and privileges of such ownership; and it then became and still is the duty of the defendant, through its proper officers, to issue to this plaintiff a certifi-

cate of his ownership of said one-fourth (¼) interest in share No. 6 of its capital stock, and to transfer said interest to plaintiff's name on the books of the defendant, and to accord to plaintiff all the rights and privileges of ownership thereof; but that, although often requested thereto by the plaintiff, the defendant, by the said I. M. Christy, as secretary as aforesaid, on the day last aforesaid, refused, and still does refuse and neglect, to issue to plaintiff a certificate of his ownership of said one-fourth (¼) interest in said share No. 6, or to transfer said interest to plaintiff's name on the books of the defendant, or to permit this plaintiff to, in any manner, avail himself of his rights and privileges as the owner thereof, whereby said one-fourth (¼) interest in share No. 6 of the capital stock of the defendant corporation has become and is wholly lost, to this plaintiff's damage in the sum of fifteen hundred dollars ($1,500.00)."

It is alleged in the complaint that the defendant levied an assessment of sixty dollars per share on its capital stock, and that one-fourth interest of share No. 6 was sold and bought by plaintiff. It is further alleged that said one-fourth interest belonged to the "Mayor of the City of Phœnix, Trustee." The pleadings of plaintiff shall consist of a concise statement of the facts constituting the cause of action. The complaint must contain a statement of facts, which statement makes a cause of action. Rev. Stats., par. 655. If there be no cause of action stated in the complaint, there is nothing to try, and no judgment can be rendered thereon.

Corporations in this territory are formed only under a general law, and the provisions thereof must be complied with. Corporations have no powers excepting those conferred by the statute. Among the powers of such bodies are: "To render the shares or interests of stockholders transferable, and prescribe the mode of making such transfers. To establish by-laws . . . not inconsistent with the laws of this territory." Rev. Stats., par. 233. Before commencing any business, except that of their own organization, they must adopt articles of incorporation, which must be acknowledged. Said articles are practically the charter of the corporation, and to them we must look for the authority for officers thereof to act. The articles must contain: ". . . 3. The amount of capital stock authorized, and the time when and condition upon which it is

to be paid in.'' Rev. Stats., par. 234. An assessment, as applied to the capital stock of a corporation, means an amount fixed equally upon all the shares of paid-up stock. Boone on Corporations, sec. 117; Beach on Private Corporations, sec. 590. Without authority specially conferred by statute, an assessment of the stock cannot be made. Beach on Private Corporations, sec. 590; Cook on Stock, Stockholders, and Corporation Law, sec. 422. The board of directors have no power to levy an assessment. The levy of an assessment, and the sale of the interest in the stock described in the complaint, were void acts, and the statement of such acts in the complaint did not state facts which constitute a cause of action, and the demurrer should have been sustained. We have no right to ignore the plain and oft-repeated statements in the complaint that the stock was sold for an assessment, and treat the proceedings as though a ''call'' had been made, and that the sale was made for such call. If we should do so, however, we will find ourselves confronted with difficulties equally as great as those with which we have been dealing. A call may be defined to be an official declaration by the proper authorities that the whole or a specific part of the subscriptions for stocks is required to be paid. Cook on Stock, Stockholders, and Corporation Law, sec. 104. It is a term used only when a demand is made on a subscriber for stock that he pay for the same either in whole or in part. The law requires that in the articles of incorporation the time when and conditions upon which the stock is to be paid up must be stated. Rev. Stats., par. 234. If the stock be not paid up, that fact must be shown by the articles referred to. If not paid up, a call may be made for the payment in whole or by installments as the same becomes due, as specified in said articles. The true meaning of a call, from what has been stated, is apparent. The term assessment is sometimes used in speaking of the amount of the call, but it is never used interchangeably with that term. To make this complaint good, if we should treat the term assessment as a call, there should have been in it allegations to the effect that the stock had not been paid up, that the amount was due, that all the prescribed steps to make it due and payable, as specified and required by the articles of incorporation, had been pursued by the proper officers. In other words, the complaint should have been based on the powers and rights enu-

merated in the said articles, and they should have been alleged, for in them alone the power to make a call must be lodged; otherwise, they do not exist. Again, a subscription for stock creates a debt, and a call is for a payment thereof, and becomes a debt due when made in the manner specified in the articles of a corporation, to be collected in the mode for the collection of such a debt. In this case, according to the allegations of the complaint, if we treat it as a call, the one-fourth interest in share No. 6 was forfeited and sold; it was confiscated. Plaintiff alleged that for seventeen dollars he bought said interest, and that by being deprived thereof he was damaged in the sum of fifteen hundred dollars. We have no right to look beyond the pleadings in this case to determine the question before us. If we should, however, we would find that for the paltry sum of seventeen dollars expended by appellee he had recovered damages for five hundred dollars and costs of suit.

This complaint must be tested by the same tests that would have to be applied if it had been a suit by a stockholder for stock which had been forfeited by the company and issued to another. To sustain this complaint is to decide that the company had the right to forfeit the stock described; to take the right from the owner and dispose of it to another. In effect, it is a decision that, under the facts stated in the complaint, and under no other facts, the directors of said company at the time of the pretended sale had the right to forfeit the shares of all the stockholders and to dispose of said shares to other parties. The right of recovery in the case is bottomed upon the right of the company at the time alleged to sell the stock. It is not an action against the parties for damages for selling property they had no right to sell. The complaint not containing facts showing the right to sell the stock, the demurrer should have been sustained and the case dismissed.