INTERNATIONAL & G. N. R. R. Co. v. JNO. D. SCOTT.

(Case No. 1303.)

1. STATEMENT OF FACTS.— The power of a district judge to authorize a statement of facts to be made up, signed, and filed in vacation, must be exercised by an order made up and entered upon the record during the term, and the time allowed cannot exceed ten days after the adjournment of the term.

2. SAME.— Counsel are not bound to take notice of a verbal announcement made by a district judge of his intention to extend the time beyond ten days.

3. SAME.— A district judge has no power, after the adjournment of a term, to authorize or require a district clerk to receive a statement of facts not really signed within ten days after the adjournment of the term, to file it as of a 'ate within ten days after the adjournment.

4. STATEMENT OF FACTS.— See opinion for suggestions as to the course which should be pursued by counsel in the preparation and submission to opposing counsel of a statement of facts, when prepared after the adjournment of the term.

APPEAL from Smith. Tried below before the Hon. John C. Robertson.

In this cause a motion was made to strike from the record what purported to be a statement of facts, for reasons which will be found stated in the opinion, which was delivered on the motion.

*Robertson*, for the motion.— A statement of facts filed in the court below after the time provided by law has expired will not be considered by this court, and constitutes no part of the record. R. S., art 1379; Frost *v.* Frost, 45 Tex., 339; Johnson *v.* Blount, 48 Tex., 40, and authorities cited.

*W. S. Herendon*, for appellant.

GOULD, CHIEF JUSTICE.— This case is now before us on a motion by appellee to strike from the record what purports to be a statement of facts, because the same was not filed within ten days after the adjournment of court. Court adjourned on October 22, 1881, having made an order giving ten days after the adjournment of the term in which to file the statement. The statement filed is dated October 22, 1881, signed by counsel for appellant, certified to as a correct statement by the district judge, without any date to the certificate, and shows the following indorsements: " Not examined, because not seen until November 2, 1881, more than ten days after the adjournment of court," signed by counsel for appellee; also, " By order of the district judge filed as of October 31, 1881, this 7th day of April, 1882," signed officially by the district clerk.

The record also contains a certificate by the district judge, dated and filed also on April 7, 1882, in which he states that at the time when, on application of appellant's counsel, the order was made giving the ten days, he stated in open court that he had to leave the next day for Athens court, and owing to the press of this and other business of the court, some of the statements of fact might not be completed by him in the ten days, and if so, he would direct the clerk to file them of date within the ten days, and if any member of the bar objected to this, he would like for them to say so then. That no one objected, and that he thought one of the counsel for appellee was in court at the time, and it was not until after the ten days had expired that he learned that neither of the counsel for appellee were present, and that they were unwilling to waive anything. That during the week after the adjournment of court, he returned to Tyler, and being informed by counsel for appellant that the statement of facts was ready, told him to submit it to the opposing counsel, then absent at Athens, but expected back in time, and that he felt sure they would raise no objection if it went beyond the ten days, and he would see them and try to make it all right. The certificate closes thus: "And as the matter seems to have been a mistake all around, I order the clerk to file the statement of facts hereto attached, as of the 31st day of October, 1881."

Following this certificate are two affidavits of counsel for appellee, and one from the junior counsel for appellant, by whom the testimony in the case had been taken down in short-hand. It appears that one of the counsel for appellee remained at Tyler a day or more for the purpose of agreeing to a statement of facts, and that he left under the impression that none would be made out, and went to Athens, where his partner and associate counsel already was at court. The affidavits of these gentlemen negative any evasion on their part, or any intention to mislead counsel for appellant, and negative also any waiver on their part of the time. They state their readiness to assist at any time in the preparation of the statement, and give reasons why they concluded that none would be made. By the affidavit on the other side, it appears that the statement was made out and ready in three or four days after the adjournment of court, but neither of the counsel for appellee were in their office to receive it, but were out of the county. After the return of senior counsel for appellant, and after his interview with the judge, the statement of facts was, on Saturday, October 29th, left at the office of counsel for appellee, with instructions to the young

man in charge of the office to deliver to the absent attorneys on their return. It seems that neither of them returned until it was too late. It appears, further, that Athens is easily accessible by rail from Tyler in three hours' time. Other matters are embraced in the affidavits, and there is some conflict in statements of opposing counsel, but the statement made will suffice for the purposes of this opinion.

We do not think that counsel for appellee were in anywise bound by the announcement of the district judge that he would instruct the clerk to file the statement of facts as of date within the ten days. The power of the judge to authorize the statement of facts to be " made up and signed, and filed in vacation," must be exercised by " an order entered upon the record during the term," and the time allowed must not exceed " ten days after the adjournment of the term." Clearly, counsel for appellee were not bound to take notice of a mere announcement by the judge of his intention to extend the time beyond the ten days; and, as they substantially deny any actual notice of the announcement, they were in nowise affected by it. The record shows no waiver of time on their part, nor does it show that they were in anywise responsible for the failure of appellants to have their statement filed in time, unless the fact of their absence from their office during a portion of the ten days, whilst attending court in an adjoining county, would make them so responsible.

Certainly, absence designed to prevent the submission of the statement to them, as required by the statute, would be a violation of professional duty, and would excuse the failure of counsel for appellant to comply with that requirement. But there is no pretense of any such evasion in this case. There seems to have been no understanding between opposing counsel as to the time and place when and where the statement of facts was to be agreed to. Naturally the appellant, or party solicitous to secure the statement of facts, would be expected to propose some suitable time and place. If he neglect to do so, and by reason of his neglect opposing counsel are not to be found when sought for, being absent at court at a town easily accessible in time, that diligence which he ought to use would then require him to have the statement submitted to them where they were. It is true that the lack of such diligence in this case was probably partly induced by the assurance of the district judge that he felt sure they would raise no objection as to time. But counsel had no right to act on that assurance. Opposing counsel were in nowise bound to waive the time; and it clearly appears that

they never did waive it.   Under these circumstances the district judge exceeded his authority in directing the clerk to file the statement as he did.   There was no default on the part of counsel for appellee.   The mistake of counsel for appellant was probably induced by his reliance on the announcement of the court and the assurances of the judge after court, but those facts did not enlarge the power of the district judge to order a statement of facts filed after the time prescribed by the statute.   We are not called on now to say whether facts might not arise which would justify such an order made by the court, not merely by the judge in vacation.   But the statute limits the authority of the court to authorize a statement of facts to be made out and filed in vacation, both as to the manner of its exercise and the extent of the time allowed.   An attempt by the judge in vacation to extend the time further than the ten days was clearly invalid.   His order to the clerk to file the statement of facts as of October 31, 1882, was in excess of his authority and was invalid.

The motion to strike out the statement of facts must be sustained. It having been improperly embodied in the record, the costs of that part of the transcript, as well as the costs of that part containing the affidavit of counsel for appellant, will be taxed against appellant.   Neither that affidavit, nor those of counsel for appellee, should have been filed with the papers of the case in the district court, or included in the transcript sent up to this court.   The original affidavits should have been filed in this court in connection with the motion to strike out.   As no objection has been interposed, we have considered the affidavits as if they had been so made and filed.   The costs, however, of that part of the transcript embracing the respective affidavits should be paid by the party improperly filing them in the district court, and the costs thus created by the two affidavits by counsel for appellee will be taxed against appellee.

The motion to strike out is sustained.

MOTION SUSTAINED.

[Opinion delivered December 15, 1882.]