FRANK ARMSTRONG v. CORA L. BEAN.

(Case No. 4913.)

1. PLEADING — PARTIES.— The filing of a paper in a cause, designated therein as an "amended petition," wherein one not before a party to the cause seeks to make himself a plaintiff in lieu of the original plaintiff, is an irregularity though filed with leave of the court, and no judgment can be rendered thereon until after service thereof upon the defendant as in an original suit. The fact that defendant has not been cited to appear and answer the petition of such a party affords no ground for exception to the petition, though a plea to the jurisdiction of the person for want of service should be sustained.

2. SAME.— If, however, after attempting to except to such petition because there was no service thereof, the defendant answers in full to the merits, he will be regarded as having waived the irregularity of the proceeding.

3. SAME.— The rights of a party thus permitted to be made a party plaintiff were neither enlarged or restricted by any proceedings had formerly between the original parties to the cause.

4. STATEMENT OF FACTS.— Former decisions to the effect that a statement of facts filed more than ten days after the adjournment of the term, when no order was entered upon the minutes of the court in term time permitting it, adhered to.

ERROR from Bosque. Tried below before the Hon. Jo Abbott.

The original petition in trespass to try title was filed April 10, 1882, by A. H. Bean. On the 29th of January, 1883, the real owner of the land, Cora L. Bean, who claimed under conveyance from A. H. Bean, made in 1865, appeared and filed what she termed a " first amended original petition in lieu of the original petition herein filed April 10, 1882." This petition, except the substitution of the name of Cora L. Bean, contained the same averments found in the original petition. On the 2d of February, 1883, the defendant excepted to the petition of Cora L. Bean, for various reasons, among others that he had not been served, and because, up to the filing of that petition, defendant " had a valid defense of a subsisting and valid outstanding title in Cora L. Bean," and that her appearance deprived him of it. Following defendant's exceptions, the plea of not guilty was entered, the defense of limitation set up, and valuable improvements, made in good faith, suggested. Judgment for plaintiff, after A. H. Bean was dismissed, being taxed with costs.

*J. L. Scott*, for plaintiff in error, cited Revised Statutes, arts. 1316, 1317; Rule 60*a*, and other authorities on propositions not noticed, arising on the statement of facts improperly filed.

*Fielder & Jenkins* and *J. Maxy*, for defendant in error.

STAYTON, ASSOCIATE JUSTICE.— The filing of what was called an amended petition by Cora L. Bean, in a suit filed by A. H. Bean, was an irregularity, and could have no other effect than an original petition; and had the defendant not answered to her petition, which was filed with leave of the court, it is true that no judgment could have been rendered against him in the cause, without service upon him.

The plaintiff in error excepted to the petition of Cora L. Bean for the reason that there was no service upon him; but at the same time he answered in full, and not *in limine.*

That he had not been cited to defend the action of Cora L. Bean gave no ground for exception to her petition, and if he did not desire to answer until he was cited, he was under no obligation to do so, and a judgment taken against him by default would have been erroneous.

If he had filed pleas, going to the question of jurisdiction over his person for want of service upon him, they should have been sustained; but this was not done. No postponement of the cause to enable him to prepare for trial was asked; nor were the exceptions filed by the defendant called to the attention of the court.

Under such state of facts, the plaintiff in error must be held to have waived any irregularities in making Cora L. Bean the plaintiff in the cause.

A. H. Bean seems to have no further prosecuted any claim to the land, and against him the plaintiff in error had judgment for all costs up to the time that Cora L. Bean was permitted by the court to become practically the sole plaintiff, and this would seem to be all to which he was entitled in this respect. Had A. H. Bean dismissed his suit, which he seems practically to have done, the plaintiff in error, as against him, could have recovered no more.

The suit, as between the plaintiff in error and Cora L. Bean, dates from the time of filing of her petition, and her rights were neither enlarged nor restricted by anything which had occurred prior to that time in a suit between other persons. Her title would have been a good defense, as a superior outstanding title against A. H. Bean, but judgment against A. H. Bean, under that defense, would not have been of any benefit whatever against Cora L. Bean; the assertion of such title in Cora L., by the plaintiff in error, in a suit in which she was in any way a party, would have been inconsistent with the title in himself, and fatal to his claim. Whatever rights the plaintiff in error had against Cora L. Bean up to the time she filed her petition, he was at liberty to assert.

The court, at the term at which the cause was tried, adjourned on the 16th February, 1883, and no leave seems to have been entered upon the minutes giving the parties ten days within which to file a statement of facts after the adjournment; yet we find in the transcript what purports to be a statement of facts, which was filed on the 20th February, 1883.

Such being the case, this paper cannot be considered as properly a part of the transcript; hence none of the assignments of error relating to the admission and rejection of evidence, or to the giving or refusing to give instructions, or to the overruling of the motion for

a new trial, which was based upon the insufficiency of the evidence to sustain the verdict, and upon the error of the court in giving and refusing instructions, can be considered.

The same is true of the assignment of error which relates to the introduction of deeds, which it is claimed were not properly described in the abstract of titles filed.

We deem it proper to say, that, if the paper purporting to be a statement of facts could be considered, it would not probably change the result.

There being no error apparent upon the record requiring a reversal of the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered May 20, 1883.]