## D. D. WILCOX v. J. C. LEAGUE.

Decided December 23, 1902.

Statement of Facts—Filing Too Late.

Where the term of court at which the case was tried expired April 2d, a statement of facts filed June 19th can not be considered, and is not aided by an order of court authorizing it to be filed in vacation within ten days after adjournment. The requirement of the law as to filing is mandatory, and the appellate court is without discretion in the matter.

Appeal from the District Court of Galveston. Tried below before Hon. William H. Stewart.

*William T. Austin,* for appellant.

*Maco & Minor Stewart,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee against a number of defendants to partition a tract of forty acres of land, a part of the Martin Dunham survey in Galveston County. The appellant was interpleaded by two of the original defendants, and answered, setting up claim to an undivided 6 6-10 acres of land involved in the suit. The trial of the case resulted in a judgment in favor of appellee for the interest in the land claimed by appellant, and a partition was ordered in accordance with said judgment. None of the other defendants join in the prosecution of this appeal, nor are they made appellees, their interest in said land being in no way affected by appellant's claim. The term of the court below at which the case was tried expired on the 2d day of April, 1902. There appears in the record a copy of an instrument purporting to be a "statement of the proceedings had in and facts proven upon the trial of the above numbered and entitled cause, and showing matters in controversy in said cause and the issues involved therein as between plaintiff and defendant D. D. Wilcox."

This statement contains a synopsis of the pleadings and a statement of facts proven on the trial. It appears to have been agreed to by counsel, and approved by the trial judge on June 11, 1902, as a correct statement of the proceedings and facts proven on the trial, so far as relate to the issues between appellant and appellee. The record shows that it was filed in the court below on June 19, 1902.

We can not consider this as a statement of facts such as is required by the statute, and the determination of the issues raised by the several assignments of error presented in appellant's brief being dependent upon a statement of facts, none of said assignments can be sustained. The purported statement of the facts proven on the trial, as above shown, was filed several months after the adjournment of the term of court at which the cause was tried. The statute contemplates that the statement of facts shall be filed during the term of court at which the case is tried, unless the court, by an order entered upon the record during the term,

shall authorize such statement to be made up and filed in vacation at any time not exceeding ten days after the adjournment of the term. An order granting ten days after adjournment in which to file a statement of facts appears in the record, but such order does not legalize the statement found in the record, because of the length of time intervening between the adjournment of the court and the filing of the statement. There being no authority for the filing of this statement, it has no place in the record and can not be considered for any purpose. This requirement of the law is mandatory, and we have no discretion in the matter. Armstrong v. Bean, 59 Texas, 492; McGuire v. Newbill, 58 Texas, 314; Lanier v. Perryman, 59 Texas, 104; Railway v. Scott, 58 Texas, 187; Railway v. Moore, 75 Texas, 643; Broussard v. Railway, 75 Texas, 702; White v. Parks, 67 Texas, 605.

The judgment of the court below must be affirmed, and it is so ordered.

*Affirmed.*