**BRYAN, County Judge, et al. v. DISTRICT TRUSTEES OF DISTRICT NO. 16, HARRIS COUNTY. (No. 8512.)**

(Court of Civil Appeals of Texas. Galveston. June 28, 1923.)

**1. Schools and school dstricts ⚖➡97 (5)—President of board of trustees of school district agent to sell bonds.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2740, providing that, on the failure of the state board of education to purchase the bonds of a county, city, or school district "the county judge, or mayor, or president of the board of trustees, as the case may be, shall sell the bonds to the best bona fide bidder," the president of the board of trustees of a common school district and not the commissioners' court was the agent of the district authorized to act for it in the sale of the bonds.

**2. Schools and school districts ⚖➡97 (5)—Statute authorizing commissioners' court to "issue" bonds held not to repeal statute authorizing president of board of trustees to sell bonds; "sale."**

Vernon's Sayles' Ann. Civ. St. 1914, art. 2740, in so far as it authorizes the president of the board of trustees of a common school district to sell the bonds of the district, was not repealed by implication by Acts 37th Leg. c. 24, § 8 (Vernon's Ann. Civ. St. Supp. 1922, art. 2839), making it the duty of the commissioners' court to "issue" the bonds of the district, in view of section 10 (Vernon's Ann. Civ. St. Supp. 1922, art. 2840) prescribing requirements of bonds and providing for the sale of the bonds "when so issued"; the word "issue" not meaning "sale."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue; Sale.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the District Trustees of District No. 16, County of Harris, against Chester H. Bryan, County Judge, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. P. Dumas, of Dallas, for appellants.
W. Ray Scruggs, of Houston, for appellees.

LANE, J. At an election held in manner and form as required by law, in common school district No. 16 of Harris county, Tex., on the 24th day of February, 1923, the qualified voters of said district voted an issue of school building bonds in the sum of $15,000. The returns of the election officials were duly canvassed, and the result of said election was declared by proper order, passed by the commissioners' court on the 5th day of March, 1923; and on the 12th day of said month said court passed an order authorizing the issuance of said bonds in the sum of $15,000; and at the same time provided for the levy of a tax on all taxable property in said district to pay the interest on the bonds and to provide the necessary sinking fund with which to pay the principal and interest thereon at maturity.

Certified copies of all necessary petitions, orders, and other proceedings and documents with reference to said bond election and the issuance of said bonds were duly submitted to the Attorney General of Texas, as required by law, which were by the Attorney General approved.

Thereafter, on the 13th day of April, 1923, Chester H. Bryan, county judge of Harris county, by authority of the commissioners' court of Harris county, was negotiating a sale of said bonds to the San Jacinto Trust Company at par and the accrued interest.

On the 25th day of April, 1923, the trustees of common school district No. 16 filed their petition in the Eleventh district court of Harris county, praying for a temporary order and injunction restraining Chester H. Bryan, county judge, and the four county commissioners of Harris county, from delivering said bonds to the San Jacinto Trust Company, or to any one else, under the proposed sale by said county judge, and restraining and enjoining the proposed purchaser and its agents or servants from receiving said bonds.

The temporary restraining order and injunction prayed for was granted, and on the

7th day of May, 1923, upon a trial before the court, said temporary injunction was made permanent and the county judge and commissioners were ordered to deliver said bonds to the plaintiff Charles E. Syfan, president of the board of trustees for said common school district No. 16.

From the judgment so rendered, the defendants have appealed.

The sole issue presented for our decision, we think, and it being so agreed by all parties, is: Was the president of the board of school trustees of said school district authorized by law to sell the bonds issued, or does the law confer such authority upon the commissioners' court of Harris county?

Appellees contend that such authority is, by article 2740, Vernon's Sayles' Statutes of 1914, conferred upon the president of said board of school trustees, and that said article is in full force and effect, while the appellants contend that if such authority was so conferred upon the president of the board of school trustees by said article 2740, those parts of the same which conferred such authority have been repealed by section 8, chapter 24, Acts of the Thirty-Seventh Legislature 1921, p. 56.

[1] We think there can be no doubt that article 2740, supra, unless repealed by the act of the Thirty-Seventh Legislature, does confer upon the president of the board of trustees of common school districts power and authority to sell bonds issued for the erection of school buildings.

[2] Having reached the conclusion last expressed, we further conclude that the only remaining issue is: Have those parts of said article 2740, which confer the authority to sell bond issues upon the president of the board of school trustees, been repealed by the act of the Thirty-Seventh Legislature above mentioned?

Section 8 of said act, which is now article 2839, Vernon's Sayles' Statutes of 1922, is as follows:

"*Issuance of Bonds.*—If, after the result of said election is known, it shall appear to the commissioners' court of the county in which such school district is located that a majority of the votes cast at such election were in favor of the issuance of the school house bonds, it shall be the duty of the commissioners' court, as soon thereafter as practicable, to issue said bonds on the faith and credit of the said common school district."

Appellants do not contend that the section quoted in express terms makes it the duty of the commissioners' court to sell the bonds mentioned, but they do contend that the word "issue," used in the statute relative to the issuance of municipal bonds, means "sale" or to put bonds in circulation by selling them, and that the courts of this state have so construed said word. To support their contention they cite City of Austin v. Valle (Tex. Civ. App.) 71 S. W. 414; Hidalgo County Drainage District v. Davidson, 102 Tex. 539, 120 S. W. 849; Stokes v. Paschall (Tex. Civ. App.) 243 S. W. 611; Fleming-Stitzer Co. v. Chastain (Tex. Civ. App.) 241 S. W. 619; and Perkins v. Graff, 114 Fed. 441, 52 C. C. A. 243.

They contend that, in view of the holding in the authorities cited, this court should construe the word "issue" appearing in section 8 of the School Bond Act of the Thirty-Seventh Legislature of 1921 as meaning "sale," and that so holding it should also hold that by said act the duty of selling school bonds was imposed upon the commissioners' court, and that by said act those parts of article 2740 conferring upon the president of the board of school trustees power and authority to sell such bonds were repealed by implication.

We do not think the word "issue" as used in the act of 1921 should be given the broad construction contended for by appellants nor do we think that any of the authorities cited in effect give it any such unlimited meaning, or that the courts rendering those decisions intended to give it such construction.

We agree with appellees that the effect of the decisions in City of Austin v. Valle, and Fleming-Stitzer Co. v. Chastain, is to hold only that the mere ordering the issuance of bonds, upon a favorable vote of the qualified voters therefor, did not create a debt and that the debt was created only when the bonds were sold.

In the case of Hidalgo County Drainage District v. Davidson, 102 Tex. 539, 120 S. W. 849, cited by appellants, it was held that the word "issue," as used in a statute similar to the one under consideration, might have two meanings: Judge Brown, speaking for the Supreme Court, stating one meaning to be given to the word "issued," says:

"The word 'issued,' as used in section 23, evidently means to execute; that is, to perform the acts specified—the signing and attesting by the officers. [The county judge and clerk of the county court.] A compliance with the law up to this point prepares the bonds, making them ready for the market, and places the bonds under the control of the drainage district."

See Moller v. Galveston, 23 Tex. Civ. App. 693, 57 S. W. 1116; Wright v. Irrigation District, 138 Fed. 313, 70 C. C. A. 603.

A construction such as that given to the word "issued" by Judge Brown, we think, should be given to the word "issue" as used in section 8 of the Act of 1921, now article 2839, Vernon's Sayles' Statutes of 1922.

This section clearly directs when bonds are voted it shall be the duty of the commissioners' court, as soon thereafter as practicable, to "issue" said bonds. How issue them? This query is answered by the provisions of section 10 of the same act, now article 2840

of the statute last mentioned. In that article it is provided that such bonds shall express on their face—

"The state of Texas, the name of the county, and the number or corporate name of the district *issuing* said bonds. Such bonds shall be signed by the county judge of the county in which the school district is located and countersigned by the county clerk and registered by the county treasurer of such county in accordance with the general law relative to county bonds; and such bonds shall [thereafter] be examined by the Attorney General of Texas and registered by the Comptroller of Public Accounts of Texas, and when so issued they shall be sold to the highest bidder at not less than their par value." (Italics ours.)

It clearly appears, from the very act upon which appellants rely for support of their contention, that the Legislature did not intend to use the word "issue" in the sense as contended by appellants. The performance of the several acts by the several officers named constitutes an issuance of the bonds, and it is clearly stated in article 2840 that when so issued they shall then be sold, etc. It will be noted that by this act it is specially provided that the bonds shall not be sold until they shall have been issued in the manner and form as there required, and that they shall then not be sold for less than par value and accrued interest. It is manifest from the proviso that the bid should cover accrued interest. The Legislature anticipated that bonds might be issued and bear a date anterior to the date of sale. It is clear that if the bonds were not issued until sold, as contended by appellants, there could be no accrued interest to be covered by the bid therefor.

Having reached the conclusion that by article 2740, Vernon's Sayles' Statutes of 1914, the president of the board of school trustees was constituted the agent through and by whom said bonds were to be sold, and that there is no conflict between said article and the act of 1921, which has resulted in a repeal of any part of said article 2740, the judgment of the trial court is affirmed.

Affirmed.