## Town of Freeport, Texas, v. Grover C. Sellers, Attorney General.

No. A-567. Decided November 21, 1945.
Rehearing overruled December 29, 1945.
(190 S. W., 2d Series, 813.)

*John P. McCall, Clarence E. Crowe* and *Mallard Parkhurst,* all of Dallas, and *Carlos B. Masterson,* of Angleton, for relator.

The improvement contemplated by these bonds are permanent improvements and include drainage improvements. Holman v. Broadway Imp. Co., 300 S. W. 15; Simpson v. Nacogdoches, 152 S. W. 858; Ellis v. City of Cleburne, 35 S. W. 495.

Grover Sellers, Attorney General and Geo. W. Barcus, Assistant Attorney General, for respondent.

Mr. Justice Slatton delivered the opinion of the Court.

This is an original mandamus proceeding filed in this court for the purpose of requiring the Attorney General of Texas to approve certain bonds which have been voted by the people of the Town of Freeport, Texas.

In February, 1944, a majority of the people of the town voted in favor of the issuance of bonds in the amount of $50,000.-00. Pursuant to the result of the .vote of the people, the Board of Commissioners of the town authorized by ordinance dated on the 18th day of April, 1944, the issuance of the bonds.

The bonds were voted and issued for the purpose of:

"Construction of permanent drainage improvements within the Town of Freeport, Texas, by the excavation, cleaning, deepening and widening of drains and ditches and the purchase of pumps, pipes, motors and other equipment, apparatus and facilities for the drainage of the surface and flood waters from the Town of Freeport, Texas."

The bonds were dated on the first day of April, 1944, and were in the sum of $50,000.00, bearing interest at the date of 2 1/4 per centum per annum on bonds numbers 1 to 14, inclusive, and at the rate of 2 1/2 per centum per annum on bonds numbers 15 to 50, inclusive; the interest payable semi-annually April 1 and October 1 of each year; were numbered consecutively from 1 to 50, inclusive, of the denomination of $1,000.00 each, maturing serially on October 1 of each of the years 1945 to 1963, inclusive.

The authority under which the bonds were voted and issued is in virtue of Vernon's Annotated Civil Statutes of 1925, Article 823.

The bonds and the record of the bond proceeding were submitted prior to the 14th day of November, 1944, to the Attorney General for approval, as required by Articles 709-715, Vernon's Annotated Civil Statutes of Texas, 1925.

The Attorney General refused to approve the bonds, principally upon the ground that Article 823 does not authorize the issuance of bonds for the purpose for which these bonds have been voted and issued. Article 823 reads in part:

"Any city or town may issue its coupon bonds for such sum as it may deem expedient for the purpose of the construction or purchase of public buildings, water works, sewers, and other permanent improvements within the city limits * * *."

The relator contends that the bonds are authorized in virtue of Article 823, above quoted. It urges several reasons in support of the contention. The bonds are valid if either theory can be properly sustained.

■ The word "sewer" as used in the statute may be defined as follows: (1) a ditch or drain; (2) an artificial, usually subterranean, conduit to carry off water and certain waste matter, as (1) surface water due to rainfall, etc. Webster's New International Dictionary. Thus the word as used in the statute in its commonly and ordinarily accepted meaning denotes a class of improvements which is authorized to be *constructed* or purchased by a municipality. A permanent drainage improvement for the purpose of carrying off water within the city limits is certainly within the class designated by the statute. We conclude that for the reason stated the bonds have been legally voted.

The Attorney General suggests that according to the Federal census of 1940 the Town of Freeport has only a population of 2979.

■ The number of inhabitants of the Town of Freeport, Texas, is to be determined as of the time the city asserts a right given it under Section 5 of Article XI of the Constitution of Texas, and not at the time of the last Federal census. City of Houston v. Magnolia Park, 276 S. W. 685.

■ The relator avers under oath that the Town of Freeport had more than five thousand inhabitants. The Board of Commissioners of the town so found by the passage of an ordinance dated March 29, 1945. No contest is presented as to the Town of Freeport not having more than 5,000 inhabitants at the time it sought to assert a right given under Section 5 of Article XI of the Constitution of Texas. Evidently such a contest could not be sustained under the facts in view of the rule announced in the case of Williams v. Castleman, 112 Texas 193, 247 S. W. 263. The population question is important to the relator in view of Section 5 of Article XI of the Constitution of Texas. It seems to be settled that bonds do not create a debt within the meaning of the Constitution until they are issued, sold and delivered to a purchaser. Cohen v. City of Houston, 176 S. W. 809, error refused, subsequent appeal 205 S. W. 757; City of Austin v. Valle, 71 S. W. 414, error refused; Wright v. City of San Antonio, 50 S. W. 406, error refused.

There being no valid objection urged to the bonds, the mandamus should issue in accordance with the prayer of the relator. It is so ordered.

Opinion delivered November 21, 1945.

Motion for rehearing overruled December 29, 1945.