THOMAS, County Attorney, et al. v. GROEBL et al.

No. 2658.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1948.

Rehearing Denied Feb. 13, 1948.

George T. Thomas, of Big Spring, for appellants.

J. L. Sullivan, of Big Spring, for appellees.

LONG, Justice.

Appellants, in their brief, have made a clear and concise statement of the case and of the questions involved as follows:

"This is an election contest, involving an election for a tax increase and issuance of bonds for an Independent School District. From a trial court judgment holding the tax increase carried and the bonds defeated, Contestees have appealed.

"1. House Bill 344, 49th Legislature, is unconstitutional beacuse of defective and misleading caption, and therefore the trial court erred in holding illegal the votes of 45 persons over 60 years of age who had permanent exemption certificates issued in prior years, but who had not had issued to them exemption certificates for the current year, but were otherwise qualified voters.

"2. Both Article 2968, before amendment by H.B. 344, and H.B. 344 of the 49th Legislature, are unconstitutional as being in excess of the Legislature's power to limit the right of suffrage, and therefore, the trial court erred in holding illegal the votes of 45 persons over 60 years of age and who were otherwise qualified voters other than they did not have exemption certificates for the current year.

"3. House Bill 344, 49th Legislature, is unconstitutional because of being in excess of the legislative power to regulate suffrage, and therefore the trial court erred in holding illegal the votes of 45 persons over 60 years of age who had permanent exemption certificates issued in prior years, but who had not had issued to them exemption certificates for the current year, but were otherwise qualified voters.

"4. House Bill 344, 49th Legislature, does not make illegal the vote of a person holding a permanent exemption certificate and otherwise qualified, but who has not obtained a certificate of exemption for the current year, and therefore the court erred in holding such votes illegal. In the election contested, 45 persons voted who lived in Big Spring, a town of over 10,000 population, and who had not obtained exemption certificates for the current year, but who were over 60, and had permanent exemption certificates issued to them in Howard County in prior years, and were otherwise qualified voters. The trial court held the votes cast by such voters to be illegal.

"If such votes were illegal, the judgment of the trial court should be affirmed. If such votes were legal, the judgment of the trial court should be reformed in such manner to hold that such election, both as to the tax increase and the bonds, failed to carry. All points herein raised relate to this one problem."

The 49th Legislature, by House Bill 344, Acts 1945, c. 333, Vernon's Ann.Civ.St. art. 2968, amended Article 2968 of the Revised Civil Statutes. Article 2968, prior to such amendment, required every person who was exempted by law from the payment of a poll tax and who resided in a city of 10,-000 inhabitants or more, before the first day

of February of each year, to obtain from the tax collector of the county of his or her residence a certificate showing his or her exemption from the payment of a poll tax. The act further provided that if the voter was exempt from the payment of poll tax for any of the reasons stated in Article 2960, Revised Civil Statutes, the tax collector should mark such exemption to be a permanent exemption and that thereafter, it should not be necessary for the voter, while he had his residence in the county and voting precinct where such certificate was issued, for such voter to obtain a yearly certificate of exemption. Article 2960, Revised Civil Statutes, provided that every person who is more than 60 years old or who is blind or deaf or dumb or is permanently disabled or has lost one hand or foot, should be entitled to vote without being required to pay a poll tax if the voter had obtained a certificate of exemption provided by law.

H.B. 344 of the 49th Legislature, which amended Article 2968, changed said Article so that it became necessary for a voter who was exempt from the payment of a poll tax to obtain a certificate of exemption from the tax collector before the first day of February of each year and did away with that part of the Statute allowing a voter to obtain a permanent exemption.

Appellants contend that H.B. 344 is unconstitutional because of a defective and misleading caption. In other words, it is their contention that the caption is broader than the bill. The title of H.B. 344 reads as follows:

"An Act to amend Article 2968, of the Revised Civil Statutes of the State of Texas, requiring those persons entitled to poll tax exemption to secure a new certificate annually; and declaring an emergency."

It will be seen that the title refers to those persons entitled to a poll tax exemption while the act only requires voters who reside in a city of 10,000 population or more to secure such exemption. By making a study of the history of legislation requiring voters to obtain exemption certificates, we find that such certificates have never been required of any voters other than those residing in cities having a population

of 10,000 or more, except in cases of those arriving at the age of 21 years after January 1 of an election year, and this group is provided for in a separate Article, to wit, Article 2968a.

Article 6, Section 4 of the Constitution, Vernon's Ann.St., authorizes the Legislature to provide for registration of voters in cities having a population of 10,000 or more and it is our opinion that Article 2968 was passed by the Legislature by virtue of the authority vested in it by this provision in the Constitution. There is no authority under our law for the issuance of an exemption certificate to a voter residing outside of a city containing a population of 10,000 or more. Consequently, the caption to H.B. 344 primarily was referring to those voters who reside in a city having a population of 10,000 or more. It is clear that any one seeking information as to the nature and extent of the amendment when reading the caption in connection with Article 2968, would not be misled in any way as to the contents of the bill. The only change made in Article 2968 by the amendment was the requirement that a voter should secure a certificate of exemption annually in lieu of the permanent certificate provided for in the act before the amendment.

We are of the opinion that H.B. 344 is not unconstitutional because of a defective and misleading caption.

We come next to consider appellants' point 2 wherein they contend that H.B. 344 and Article 2968 are both unconstitutional as being in excess of the Legislature's power to limit the right of suffrage. In this connection, we will also discuss appellants' points 3 and 4 wherein it is contended that H.B. 344 is unconstitutional because of being in excess of the legislative power to regulate suffrage and because it does not make illegal the vote of a person holding a permanent exemption certificate and otherwise qualified but who has not obtained a certificate of exemption for the current year. The constitutionality of Article 2968, before it was amended, was before the Austin Court of Civil Appeals in Texas Power & Light Co. v. Brownwood Public Service Co. et al., Tex.Civ.App., 111 S.W.2d 1225,

1228, (writ refused). The question presented here was presented to the court in that case. That court held the Statute constitutional and Judge Baugh in writing the opinion for the court said, in part:

"Whether authorized under section 2 of article 6 to require a citizen to procure an exemption certificate as a qualification for voting or not, section 4 of article 6 of the Constitution does authorize the Legislature to enact such laws as it deems necessary to preserve the purity of the ballot box; and to require registration of voters in cities of 10,000 inhabitants or more. In this connection appellant further contends that if the requirement that exemption certificates be first obtained be treated as a registration statute, it cannot disqualify one otherwise entitled to vote who fails to comply with it. That is, that registration is but a method of furnishing to the election judges evidence of the right to vote, and not a limitation upon the citizens' right to vote prescribed in section 2 of article 6. With this contention we cannot agree. If it were sustained, section 4 of article 6 of the Constitution relating to cities of 10,000 or more inhabitants would be meaningless. If registration of voters may be required, but failure to register be no disqualification, the efficacy of registration to preserve the purity of the ballot box would be destroyed and the constitutional provision authorizing it would mean nothing. We see no valid reason to disqualify one otherwise authorized under the Constitution to vote, because he has not obtained a poll tax receipt, yet to hold that one in a city of 10,000 inhabitants or more, who is required by law under section 4 of article 6 of the Constitution to register before he can vote, becomes a qualified voter whether he registers (obtains an exemption certificate) or not. The steps required by law for one who possesses the other attributes of suffrage prescribed by the Constitution are as essential, it seems to us, to qualify him as a voter in the one case as in the other."

■ When Article 2968 was amended by the Legislature by H.B. 344, it referred to said Article by number in the caption of said House Bill No. 344. When the Legislature amends an article of the Statutes by referring to it by number and provides that the same shall thereafter read as therein set forth, the article as amended takes the place in the Revised Statutes formerly occupied by the said article. International & G. N. R. Co. v. Bland, Tex. Civ.App., 181 S.W. 504. Article 2968 as amended, took the place in the Revised Statutes that Article 2968 occupied before its amendment. Therefore, we are authorized in following the Austin Court and in placing the same construction upon Article 2968 as it now reads as was placed upon the article prior to its amendment. Article 2968 before and after its amendment, was enacted by the Legislature as a registration provision. The tax collector of a county could take the poll tax receipts issued and to that add a list of the voters to which exemption certificates were issued and in that way, a complete list of those entitled to vote could be furnished to the presiding judges of the various election precincts.

■ In a county containing a town with a population of 10,000 or more, the Legislature saw fit, under the authority of the Constitution, to require all persons entitled to vote without the payment of a poll tax to obtain from the tax collector a certificate of exemption. Under Article 2968, as it existed prior to its amendment, a voter could obtain from the tax collector a permanent exemption certificate. It was not necessary for such voter to obtain such exemption certificate annually but could obtain a certificate and if the tax collector marked thereon "permanent", he could use such certificate for the remainder of his life. We can readily see that under such a system that confusion might arise for the reason that people who held such permanent exemption certificates might die, move out of the county or change their place of residence within the county. No doubt it was difficult for the various tax collectors to keep a complete and accurate list of those voters entitled to vote under a permanent exemption certificate. The Legislature, under the authority delegated by the Constitution, to make such regulations as might be necessary to detect and punish fraud and preserve the purity of the ballot box, amended Article 2968 and required those

**416**

voters entitled to receive exemption certificates to obtain the same each year instead of obtaining a permanent certificate of exemption. Whether the Legislature acted wisely in this matter is not for us to say. It is a power that is vested entirely within the Legislature. We, therefore, hold that House Bill 344 is not unconstitutional as being in excess of the Legislature's power to limit the right of suffrage and is not unconstitutional because it makes illegal the vote of a person holding a permanent exemption certificate and otherwise qualified but who has not obtained a certificate of exemption for the current year.

We are of the opinion that the trial court was correct in holding that the 45 persons who voted in the election and who had not obtained exemption certificates for the current year were not qualified voters.

The judgment of the trial court is in all things affirmed.