

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

*Superseded By art 29-d V.C.S.*

March 13, 1961

Honorable Fred P. Holub
County Attorney
Matagorda County
Bay City, Texas

Opinion No. WW-1015

Re: Whether persons who were over 60 years of age on January 1, 1960, and reside in Bay City are required to possess an exemption certificate, by virtue of the fact that the 1960 Federal census shows that Bay City is now a city of 10,000 inhabitants or more.

Dear Mr. Holub:

You have stated in your opinion request that, according to the 1960 Federal census, Bay City has a population of more than 10,000, which is the first time in its history that it has reached 10,000 inhabitants. You have asked for an opinion on whether residents of Bay City who are exempt from payment of the 1960 poll tax because of overage (i.e., persons who had reached 60 years of age on January 1, 1960) must have obtained an exemption certificate in order to be qualified to vote during the current year.

Exemption certificate requirements for overage voters are governed by Article 5.16 of V.C.S., Election Code, which provides:

"Every person who is exempted by law from the payment of a poll tax, and who is in other respects a qualified voter, who resides in a city of ten thousand (10,000) inhabitants or more, shall, before the first day of February of the year when such voter shall have become entitled to such exemption, obtain from the Tax Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax. Such certificate shall entitle such voter to vote at any election held between the date of its issuance and a period of one (1) year from the 31st day of January following its issuance.

" * * *

"Although entitled to an exemption certif-
icate, no one shall vote who does not possess
a current exemption certificate."

You have informed us that the Tax Collector of Matagorda
County was prepared to issue exemption certificates to applicants
during the entire period for obtaining the certificates and that a
large number were issued. However, since it has not heretofore
been necessary for overage residents of Bay City to obtain exemption
certificates, you anticipate that some have neglected to procure
certificates and that you will be faced with the question of their
eligibility to vote during the current year.

The 1960 Federal census became effective for Bay City
on the date of the first official preliminary announcement of the
census result for that city. Holcomb v. Spikes, 232 S.W. 891 (Civ.
App. 1921, error dism.); Att'y Gen. Ops. V-1137 (1950), WW-972
(1960). In August of 1960, the Bureau of the Census published
a preliminary report of the population of incorporated places in
Texas of 1,000 inhabitants or more (Report No. PC (P1)-45), which
showed Bay City as having a population of 11,580. We are not in-
formed whether this was the first official announcement, but in
any event the 1960 census was in effect for Bay City on October 1,
1960, the date on which the period for issuance of the certificates
commenced (see Article 5.18, Election Code).

Liability for, and exemption from, payment of the 1960
poll tax was determined as of January 1, 1960, on which date Bay
City had a population of less than 10,000 according to the 1950
census then in effect, but we are of the opinion that necessity
for obtaining exemption certificates required by Article 5.16 does
not depend on the population as of that date. The purpose for
which exemption certificates are required is to provide a means
for protecting the purity of elections. Texas Power & Light Co.
v. Brownwood Public Service Co., 111 S.W.2d 1225 (Civ.App. 1937,
error ref.); Thomas v. Groebl, 208 S.W.2d 412 (Civ.App. 1948),
reversed on other grounds, 147 Tex. 70, 212 S.W.2d 625 (1948).
This purpose has no relevancy to population as of the date deter-
mining exempt status; it is relevant to population at the time of
voting. Article 5.16 states that a person "who resides" in a city
of 10,000 inhabitants or more shall obtain a certificate. Both
from the language and the purpose of Article 5.16, population
during the time for issuance and use of the certificates is con-
trolling. A resident otherwise qualified may vote without a cer-
tificate in elections held during the year in which a city attains
the 10,000 population mark, for the Legislature has not provided
a means whereby he might obtain a certificate for use during that
year; but he must obtain a certificate in order to vote during the
subsequent year.

Bay City was officially a city of more than 10,000 in-
habitants during the period for issuance of exemption certificates

and will continue in that classification during the current voting year. We are of the opinion that overage residents must have obtained exemption certificates in order to be qualified to vote during the current year.

In view of the fact that the Tax Collector of Matagorda County had construed the law as requiring procurement of exemption certificates and was prepared to issue them, it is not necessary to consider what effect a failure of the Tax Collector to construe the law in this manner or to be prepared to issue the certificates might have had on eligibility to vote without a certificate. And since the 1960 census had taken effect in Bay City prior to the beginning of the period for issuance, it is also unnecessary to consider whether the holding of this opinion would have been altered in any respect if the effective date had been subsequent to the beginning of the period for issuance.

## SUMMARY

Persons exempt from payment of the 1960 poll tax by reason of overage, residing in Bay City, which now has attained a population of more than 10,000, must have obtained an exemption certificate prior to February 1, 1961, in order to be qualified to vote during 1961.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Mary K. Wall_
Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
Riley Eugene Fletcher
Houghton Brownlee

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt