

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**WILL WILSON**
**ATTORNEY GENERAL**

December 11, 1962

Superseded by Art. 1.01a
Vernon's Texas Election Code
added in 1963 *And by*

*C-212*

Mr. Jack H. Holland
County Attorney
Henderson County
Athens, Texas

Opinion No. WW-1491

Re: May the City Council
of the City of Athens,
Texas, a home-rule city,
determine that its popu-
lation is more than 10,000
people and thereby make
effective Art. 5.16 of
the Texas Election Code
relative to poll tax
exemptions as to voters
in that City.

Dear Mr. Holland:

    You ask the Attorney General to advise you whether a
resolution of the City Council of the City of Athens, Texas,
is legally sufficient to determine that the population of that
city on October 1, 1962, was more than 10,000 inhabitants within
contemplation of Art. 5.16 of Vernon's Texas Election Code which
requires certain persons to secure certificates of exemption from
poll taxes.

    Athens is a home-rule city. You state that the City
Council passed a resolution on October 1, 1962, in which it
found that the city on that date had a population in excess of
10,000 persons. You further state that this finding was

> ". . . predicated on the average number
> of occupants in a dwelling, based upon
> the national average for water, electri-
> cal, and gas service connections, veri-
> fied by random surveys to dwellings
> situated within the corporate limits
> of the City of Athens, . . ."

You then ask:

> "Is a resident of the City of Athens,
> who is over 60 years of age and who is
> in other respects a qualified voter,
> required to secure a certificate from
> the County Tax Collector before Febru-
> ary 1, 1963, showing his or her exemption

from the payment of a poll tax, in order
to be entitled to vote at any election
in which the voters in the city vote from
February 1, 1963 to January 31, 1964?"

Our answer is that a resident of the City of Athens
who is over 60 years of age and who is in other respects a
qualified voter is required to secure an exemption certifi-
cate prior to February 1, 1963, in order to vote at any elec-
tion in the City of Athens held between the dates of February 1,
1963, and January 31, 1964, and which election is held pursuant
to the Texas Election Code.

Article 5.16 of that Code, in its pertinent portions,
reads as follows:

"Every person who is exempted by law
from the payment of a poll tax, and who
is in other respects a qualified voter,
who resides in a city of ten thousand
(10,000) inhabitants or more, shall,
before the first day of February of
the year when such voter shall have
become entitled to such exemption,
obtain from the Tax Collector of the
county of his or her residence, a
certificate showing his or her exemp-
tion from the payment of a poll tax.
Such certificate shall entitle such
voter to vote at any election held
between the date of its issuance and
a period of one (1) year from the 31st
day of January following its issuance.
. . .

"Although entitled to an exemption
certificate, no one shall vote who does
not possess a current exemption certifi-
cate. . . ."

We find no provision in our constitution or statutes
which prescribes how the population of a city is to be deter-
mined for the purpose of making the provisions of Article 5.16
of the Election Code applicable to voters who reside in the city.
In the early case of City of Tyler v. Tyler Building & Loan Ass'n.,
98 Tex. 69, 81 S.W. 2 (1904), the Court said:

". . . There is no method prescribed by
the statute for determining when a city

> has more than 10,000 inhabitants, but,
> the Legislature having conferred upon
> the city council power to levy and col-
> lect a given rate of tax, conditioned
> upon the fact that the city has the
> requisite population, there is in the
> grant of power, based upon the limita-
> tion of population, an implied grant
> of authority to ascertain the facts
> upon which the right to levy the tax
> depends. Riggins v. Richards, 77 S.W.
> 946, 8 Tex. Ct. Rep. 908. Any reasonable
> and suitable method by which a city
> should ascertain the facts and make a
> record thereof would be supported by
> the implied power expressly conferred.
> . . ."

The mode of procedure for determining such population must be reasonable. City of Tyler v. Tyler Building & Loan Ass'n. (supra); Brooke v. Dulaney, 100 Tex. 86, 93 S.W. 997 (1906); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922). We hold that the procedure used by the City Council of Athens was reasonable. (Authorities cited in this paragraph.) Of course, the proceedings incident to the resolution must conform to the city charter; we assume they do.

The reservoir of power in home-rule cities is well established.

> "It was the purpose of the Home-Rule
> Amendment, Art. XI, Sec. 5, and the
> enabling statutes, supra, to bestow
> upon accepting cities and towns of more
> than 5000 population full power of self-
> government, that is, full authority to
> do anything the legislature could there-
> tofore have authorized them to do. The
> result is that now it is necessary to
> look to the acts of the legislature not
> for grants of power to such cities but
> only for limitations on their powers.
> Yellow Cab Transit Co. v. Tuck, Tex.Civ.
> App., 115 S.W.2d 455, er. ref. . . ."
> Forwood v. City of Taylor, 147 Tex. 161,
> 214 S.W.2d 282 (1948).

City of Houston v. State, 142 Tex. 190, 176 S.W.2d 928, 929 (1943); City of Farmersville v. Texas-Louisiana Power Co.,

33 S.W.2d 272 (Civ.App. 1930); 30 Tex. Jur. 104-107, Municipal Corporations, Sec. 49; Articles 1175 and 1176, V.C.S.

Cities of more than 10,000 inhabitants have a constitutionally-vested interest in the qualifications of persons who vote in their city elections. Texas Constitution, Article VI, Sections 3 and 3a. Texas Power & Light Co. v. Brownwood Public Service Co., 111 S.W.2d 1225 (Civ.App. 1938, error ref.). City of Houston v. City of Magnolia Park, 115 Tex. 101, 276 S.W. 685 (1925). Williams v. Castleman (supra).

The purpose of requiring exemption certificates in cities of more than 10,000 inhabitants is to preserve the purity of the ballot pursuant to Section 4 of Article VI of our State Constitution. Texas Power & Light Co. v. Brownwood Public Service Co., supra. Thomas v. Groebl, 208 S.W.2d 412 (Civ.App. 1948), reversed on other grounds, 147 Tex. 70, 212 S.W.2d 625 (1948).

The time when the number of inhabitants of a city may be determined is the time the city asserts a right given it under the Constitution. In City of Houston v. City of Magnolia Park (supra) the Court expressly repudiated the contention that the last Federal census must control with reference to cities eligible to adopt home-rule charters under Section 5 of Article XI of our State Constitution. The Court said that it was the desire of the people of this State

> ". . . that cities enjoy these rights at
> the earliest possible moment and not have
> to wait the pleasure of the United States
> Government in taking a census, which has
> been done only every 10 years. . . ."
> (at p. 689)

The Court held that a delay upon the next Federal census was an infringement of the Constitutional rights of a city to adopt home rule when it attained the requisite population. See also Town of Freeport v. Sellers, 144 Tex. 389, 190 S.W.2d 813 (1945); City of Farmersville v. Texas-Louisiana Power Co. (supra, at p. 276); and Williams v. Castleman (supra).

The determination by the City Council on October 1 that the population of the city was in excess of 10,000 inhabitants was effective from the time of the effective date of the proceedings making such determination.

## SUMMARY

The City Council of the City of Athens, a home-rule city, may determine that the population of the city is more than 10,000 inhabitants and thereby make effective the provisions of Art. 5.16 of Vernon's Texas Election Code to voters residing in that city.

Such determination was effective from the time of the effective date of the proceedings making such determination.

The mode of procedure for determining such population was reasonable.

The proceedings incident to the resolution must conform to the city charter.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: W. E. Allen
W. E. Allen
Assistant Attorney General

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Charles Lind
Frank Booth
Vernon Teofan
Robert Lewis

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore