

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*Supersedes By*
*Art 29-d V.C.S.*

*Supersedes)*
*WW-1491*

January 30, 1964

Honorable Jack H. Holland
County Attorney
Henderson County
Athens   Texas

Dear Sir:

Opinion No. C-212

Re:   Whether the Federal Census
is the exclusive basis for
determining population of a
city with respect to require-
ment for obtaining exemption
certificates, under the pro-
visions of the Election Code
as amended by the 58th Legis-
lature.

Your request for an opinion of this office reads as
follows:

"On December 11, 1962, by your Opinion
No. WW-1491, you advised me that a resident
of the City of Athens, Texas who is over 60
years of age is required to obtain a Poll
Tax exemption certificate in order to be
entitled to vote. This opinion was based
on the fact that the City Council of the
City of Athens, had, by resolution, deter-
mined that its population was more than
10,000 people, thereby making effective
Article 5.16 of the Texas Election Code,
despite the fact that the last Federal
census placed the population of the City
of Athens at less than 10,000 persons.

"I note that Article 5.16 of the Texas
Election Code has been amended and a new
Article 1.01a has been added, both by the
58th Legislature. I note further that the
new Article 1.01a(c) provides that the
Federal census shall be the basis for deter-
mining population under the provisions of
the Election Code. The population figures
for the City of Athens are the same as they
were when my original opinion was requested.

-1021-

"I would appreciate your opinion as to whether the new Article 1.01a of the Election Code now applies to the facts upon which the original opinion was based, thereby doing away with the requirement that a resident of the City of Athens over 60 years of age obtain a Poll Tax exemption certificate before he will be qualified to vote."

By the provisions of Article 5.16 of Vernon's Texas Election Code, every voter exempt from payment of the poll tax on the ground of overage who resides in a city of 10,000 or more inhabitants is required to obtain an annual exemption certificate by the 31st day of January in order to vote at elections held during the ensuing year. At the time Opinion No. WW-1491 was written (December 11, 1962), neither Article 5.16 of the Election Code nor any other statute or constitutional provision prescribed the method by which the population of a city was to be ascertained for the purpose of determining whether Article 5.16 was applicable to the voters residing therein. The only constitutional provision touching upon this requirement is found in Article VI, Section 4, which authorizes the Legislature to make such regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot box, and states that "the Legislature may provide by law for the registration of all voters in all cities containing a population of ten thousand inhabitants or more." Texas Power & Light Co. v. Brownwood Public Service Co., 111 S.W.2d 1225 (Tex. Civ.App. 1938, error ref.); Thomas V. Groebl, 208 S.W.2d 412 (Tex.Civ.App. 1948; reversed on other grounds, 147 Tex. 70, 212 S.W.2d 625).

In this state of the law, Opinion No. WW-1491 held that cities of more than 10,000 inhabitants have a constitutionally-vested interest in the qualifications of persons who vote in their city elections, and that where the City Council of the City of Athens, a home-rule city, had determined by use of a reasonable mode of procedure that the city's population was in excess of 10,000 inhabitants, the provisions of Article 5.16 of the Election Code were applicable to voters residing in that city. Cases cited in support of the holding include City of Tyler v. Tyler Building & Loan Ass'n, 98 Tex. 69, 81 S.W. 2 (1904); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922); City of Houston v. City of Magnolia Park, 115 Tex. 101, 276 S.W. 685 (1925); Town of Freeport v. Sellers, 144 Tex. 389, 190 S.W.2d 813 (1945); and City of Farmersville v. Texas-Louisiana Power Co., 33 S.W.2d 272 (Tex.Civ. App. 1930).

In 1963 the Legislature amended the Election Code

to add Article 1.01a, containing the following provision as paragraph (c) thereof:

"(c) The United States decennial census of date immediately preceding the action in question shall be the basis for determining population under any provision of this Code." Acts 58th Leg., 1963, ch. 424, sec. 2, p. 1017.

This act took effect on August 23, 1963. In this connection, it may be noted that the 58th Legislature also passed a law (Acts 58th Leg., 1963, ch. 447, p. 1151, codified as Art. 29d, V.C.S.) providing that the first day of January of the year immediately following the calendar year during which a federal census is taken shall be the date on which the State and its political subdivisions and agencies shall recognize and act upon the population counts as determined by the census. If the Legislature had the authority to make the federal decennial census the basis for determining population under Article 5.16 of the Election Code, to the exclusion of any other method, it becomes evident that these statutory provisions are now controlling and that Opinion No. WW-1491 has become obsolete by virtue of this change.

The cases cited in Opinion No. WW-1491, listed above, involved the right of a city or a county to exercise some power granted to it by the Constitution or by statute, conditioned upon its having a specified population but with no method prescribed by which the population was to be ascertained. The cases held that there was in the grant of power an implied grant of authority to ascertain the facts (i.e., the number of inhabitants) upon which the right depended. If the power is granted by the Constitution, the Legislature cannot curtail the implied power so as to require that population be determined by the federal census. City of Houston v. City of Magnolia Park, supra.

Here, the constitutional grant of power under which Article 5.16 of the Election Code was enacted is conferred on the Legislature, and not on the cities affected thereby. If the power of the Legislature to enact Article 5.16 springs from the provision in Article VI, Section 4 which authorizes the Legislature to provide for registration of voters in cities of 10,000 or more inhabitants, then we are of the opinion that this express power also carries with it the implied authority to designate the method by which population is to be ascertained. If the power to enact Article 5.16 springs from the general constitutional direction to make regulations for preserving the purity of the ballot box, then clearly the provision making the federal census the basis for determining population does not infringe any implied constitutional power of cities affected by the statute, not only because the express power is granted to the

Legislature but also because the Constitution does not impose any population requirements as an incident to this power.

Since the Legislature has now designated the basis upon which population is to be ascertained for the purpose of determining whether exemption certificates are required under the provisions of Article 5.16, we are of the opinion that ascertainment of population by any other method can no longer be used for this purpose. Consequently, we hold that Opinion No. WW-1491 has now become obsolete as a result of this change in the law. According to the 1960 federal census, the City of Athens has a population of less than 10,000. Therefore, overage exempt voters residing in the City of Athens are not required to obtain exemption certificates as a condition for voting.

## SUMMARY

With the enactment of Article 1.01a of the Election Code in 1963, making the preceding federal census the basis for determining population under any provision of the Code, the population of a city for the purpose of determining whether the exemption certificate requirements of Article 5.16 of the Code apply to its exempt overage voters must be determined by that method. The population count as ascertained by the city's governing body under some other procedure can no longer be used as the basis of determining applicability of this requirement. Attorney General's Opinion No. WW-1491 has been superseded by this statutory change.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:sj

Hon. Jack H. Holland, page 5 (C-212)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
C. L. Snow
V. F. Taylor
Robert Smith
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone