**Richard W. ASHTON et al., Appellants,**

v.

**Bryan CHAMBERS et al., Appellees.**

No. 5347.

Court of Civil Appeals of Texas, Eastland.

May 24, 1979.

Charles Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellees.

RALEIGH BROWN, Justice.

This case involves the question of whether a school bond election was void because the amount of bonds voted on would, if all were issued, cause the aggregate principal amount of tax indebtedness of the school district to exceed that authorized by § 20.-04, Education Code of the State of Texas.

Richard W. Ashton, Dennis Damron, Wyman McInnis, Abney McInnis and William S. Byrd filed this election contest against Bryan Chambers, President, and Adron Beck, Barbara Stewart, Kenneth Boyd, Wayne Graves, H. P. Hampton, and Jerry Biehl, members of the Board of Trustees of the Early Independent School District contesting the results of a school bond election. Contestants contended that the election is void because the amount of the bonds voted on would cause the aggregate principal amount of tax indebtedness of the district after issuance of the bonds to be in excess of ten percent of the assessed valuation of taxable property in the district in violation of § 20.04, Education Code of the State of Texas. The trial court upheld the validity of the election. Contestants appeal. We affirm.

The parties agree that there are no disputed fact issues. On November 11, 1978, the qualified voters of the Early Independent School District voted for the proposed school bonds in the sum of $2.6 million.

The certified valuation of property within the school district for tax purposes at the time of calling the election and at the date of election was the sum of $28,763,768. On the date of the election, the school district had a bonded indebtedness of $584,000. Therefore, on adding the new bond issue to the existing bonded indebtedness, the anticipated bonded indebtedness would exceed ten percent of the valuation of taxable property within the school district if all bonds were issued.

The Board of Trustees argues that the election was not void but agrees that bonds could not be issued which would extend the district's bonded indebtedness above ten percent of the value of the taxable property within the district.

§ 20.04, Education Code of the State of Texas, providing for school district bond and tax elections, states in part:

> No bonds shall be issued pursuant to Subsection (b)(1) of this section if the aggregate principal amount of tax bond indebtedness of the district *after such issuance* would be in excess of 10 percent of the assessed valuation of taxable property in the district according to the then last completed and approved ad valorem tax rolls of the district. (Emphasis added)

We find no cases construing this particular section of § 20.04 since its enactment and effective date, September 1, 1969. However, earlier statutes contained the same or similar language limiting the authority of a school district to issue bonds. These earlier statutes have been construed.

In *Powell v. Charco Independent School Dist.*, 203 S.W. 1178 (Tex.Civ.App.—San Antonio 1918, writ ref'd), it was contended that the property valuation of the school district established that it was not sufficient to sustain an issue of $10,000 in bonds, thus the election was invalid and bonds in no amount could be issued. The court disagreed saying:

> We are of opinion that such issue can be legally made. The people were fully informed of the matters concerning the bond issue, and voted that a bond issue of $10,000 should be made, and it cannot be

presumed that an issue of $9,000 in bonds would meet with their disapproval. The sanction of a bond issue for a larger amount would necessarily include the issue of a less amount of bonds. In other words, the people authorized the trustees to issue a certain number of bonds of a certain value each, and it would be unreasonable to suppose that such authority would not give authority and discretion to issue a less number if for any reason they deemed such less number should be issued. The trustees could not increase the amount voted, but would be authorized to lessen the amount, if deemed expedient and proper. The maximum amount of the bond issue was voted by the people, and although that issue was excessive at the time, a less amount could be issued, and the others issued whenever the property values had sufficiently increased to justify it. *City of Austin v. Valle* [Tex. Civ.App.], 71 S.W. 414, writ of error denied; *Cohen v. City of Houston* [Tex.Civ. App.], 176 S.W. 809. In the *Valle* Case it was held that:

> The "bonds will be valid, although the bonds would have been excessive if all of them had been issued at the time the election was held."

In the *Cohen* Case it was stated:

> "The question presented by this state of fact, then, is whether the city can lawfully issue the bonds in annual installments running for a period of five years. We think the answer should be in the affirmative, provided that at the time of issuing each installment the city has available a margin of taxing power and property values sufficient to raise, by taxation, the sum of money necessary to pay the interest upon and to create a sinking fund of at least 2 per cent. for the redemption of such installment at maturity."

In the same case, following other authorities, it was held that the debt was not created until the bonds were sold as obligations against the city or district issuing them. Speaking on this subject, it was said in the *Valle* Case:

"We are of the opinion that, although the taxable values may not be sufficient at the time the election is held, yet if at the time the bonds actually become debts against the city the taxable values are sufficient to pay the interest and provide the sinking fund, the bonds will be valid."

We hold the bond election of the Early Independent School District of November 11, 1978, was valid.

The judgment of the trial court is affirmed.